## Abstract of the Decision.

1. MALICIOUS PROSECUTION, § 76*—*when malice not shown.* In an action for malicious prosecution, evidence *held* insufficient to show malice on the part of defendant.

2. MALICIOUS PROSECUTION, § 20*—*when good faith is sufficient defense.* Good faith in swearing out the warrant for plaintiff's arrest is a sufficient defense to an action for malicious prosecution.

3. MALICIOUS PROSECUTION, § 74*—*when evidence is insufficient to show caution in swearing out warrant.* In an action to recover for malicious prosecution, evidence *held* to show that, in swearing out a warrant for plaintiff's arrest, defendant did not act as a reasonably cautious person would have acted in the circumstances.

4. MALICIOUS PROSECUTION, § 98*—*when verdict is excessive.* In an action to recover for malicious prosecution, a verdict for plaintiff for $300 *held* excessive and remittitur of $150 required as condition of affirmance.

## James P. Collins, Appellee, v. County of Cook, Appellant.

### Gen. No. 23,158.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Reversed. Opinion filed November 30, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by James P. Collins, plaintiff, against the County of Cook, defendant, to recover the amount claimed to be due plaintiff for salary as a civil service employee. From a finding and judgment for plaintiff for $2,100, defendant appeals.

MACLAY HOYNE, for appellant; GEORGE C. BLISS, of, counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

A. D. Gash and A. G. Dicus, for appellee.

Mr. Justice O'Connor delivered the opinion of the court.

## Abstract of the Decision.

1. Civil service, § 30*—*when employee withdrawing waiver of reinstatement cannot recover salary.* In an action by a civil service employee against a county to recover salary from the date on which he withdrew a waiver of reinstatement, after being laid off, to the date of his reinstatement, where the evidence shows that each one of the positions to which plaintiff claimed he was entitled was filled by a civil service employee either at the time of plaintiff's waiver or before the waiver was withdrawn, and there was no evidence to show that other positions for which he claimed to be eligible were civil service positions or filled by civil service employees, plaintiff cannot recover.

2. Civil service, § 30*—*when withdrawal of waiver of reinstatement is ineffective.* Under the rules of the Civil Service Commission of Cook County, the withdrawal by a civil service employee of a waiver of reinstatement more than a year after it is made is ineffective.

3. Civil service—*binding effect of rules of commission.* The rules of the Civil Service Commission of Cook County are binding upon the Commission.

---

## Nathan M. Gross, Appellant, v. Albert L. Strauss, Appellee.

### Gen. No. 23,162.

Brokers, § 5*—*what is effect of lack of broker's license on right of recovery of share of commissions from broker.* The fact that the plaintiff, in an action in the Municipal Court of Chicago, against a real estate broker to recover on a promise alleged to have been made by defendant to pay him one-half of the commissions received by defendant from customers secured by plaintiff, is not the holder of a broker's license from the City of Chicago does not preclude him from recovering.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.