People of the State of Illinois ex rel. Bart Fleming et al., Appellants, v. Joseph P. Geary et al., Appellees.

Gen. No. 41,944.

Heard in the second division of this court for the first district at the October term, 1941. Opinion filed March 8, 1944.

JAMES N. GRACE, of Chicago, for appellants; RICHARD T. TOBIN, of Chicago, of counsel.

BARNET HODES, Corporation Counsel, for appellees; JAMES A. VELDE, FRED V. MAGUIRE, CARL H. LUNDQUIST and L. LOUIS KARTON, Assistant Corporation Counsel, of counsel.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

An amended and supplemental complaint (hereinafter referred to as complaint) was filed in behalf of the relators, Bart Fleming, William Mahoney, Charles M. Reid, John M. Bishop and Otto Benchelt (hereinafter referred to as plaintiffs), for the issuance of a writ of mandamus to compel defendants, the Civil Service Commissioners of the City of Chicago and the Commissioner of Public Works of the City of Chicago, to reinstate plaintiffs and appoint them to their civil service positions of hoisting engineer in place of three

civil service chauffeurs and two temporary appointees, who were occupying said positions of hoisting engineer under the designation of "Chauffeurs (when acting as Hoisting Engineers on air compressors)." The trial court entered an order which sustained defendants' motion to strike the complaint in so far as it pertained to "those positions of hoisting engineer charged as being occupied" by the three civil service chauffeurs and dismissed the suit "as to such positions," and which overruled defendants' motion to strike the complaint in so far as it pertained to "those positions of hoisting engineer charged as being occupied" by the two temporary appointees and directed defendants to answer the complaint only so far as it applied to the positions of hoisting engineer occupied by the two temporary appointees. Plaintiffs appeal from that portion of the judgment which ordered "that the said Motion of the Defendants to strike the Amended and Supplemental Petition of Plaintiffs for Mandamus be sustained as to the positions of Hoisting Engineer charged as being occupied by Civil Service Chauffeurs, and that the suit be dismissed as to such positions."

The facts alleged in the complaint are substantially as follows: Plaintiffs were employed as probationary civil service hoisting engineers for a period of six months after their respective certifications during May and June, 1938 from the civil service eligible list of hoisting engineers. Thereafter, until they were removed from their employment on various dates in March and June, 1940, they occupied positions as hoisting engineers in the Water Pipe Extension Division of the Department of Public Works of the City of Chicago as permanent civil service employees. Among their duties while so employed was the operation of air compressors. The operation of an air compressor is within the scope of the duties of a hoisting engineer and is not within the scope of the duties of a chauffeur under the rules of the Civil Service Commission (here-

inafter for convenience sometimes referred to as the commission). The 1940 and 1941 appropriation ordinances for the City of Chicago, in addition to appropriating for "Hoisting Engineers at $13.60 per day" for use in the Water Pipe Extension Division of the Department of Public Works, included an appropriation for "Chauffeurs (when acting as Hoisting Engineers on air compressors) at $13.60 per day," also for use in said division. Some of the air compressors in use in the Water Pipe Extension Division were attached to small trucks and, while plaintiffs were employed as civil service hoisting engineers in said division, they were assigned at times to operate the air compressors on the "combination trucks and air compressors." It was the practice and custom for the hoisting engineers assigned to operate the air compressors on the combination trucks and air compressors to drive same to and from the place of use of the air compressor. When the complaint was filed herein, five other similar positions were occupied by hoisting engineers of the same civil service grade and class as plaintiffs. The appropriation for "Chauffeurs (when acting as Hoisting Engineers on air compressors)" was intended to cover persons employed to operate the air compressors on the combination trucks and air compressors.

Instead of plaintiffs being continued in the employment of the city in their status of permanent civil service hoisting engineers and assigned to operate the air compressors on the combination trucks and air compressors, they were laid off and five positions designated in the appropriation ordinances of 1940 and 1941 as "Chauffeurs (when acting as Hoisting Engineers on air compressors)" were filled by three persons certified from the chauffeurs' civil service list and two temporary appointees. Plaintiffs performed their work satisfactorily, while employed by the city as civil service hoisting engineers. Upon their removal from

their positions, they were placed on the civil service reinstatement list for hoisting engineers and were entitled to reinstatement and appointment to any existing vacancies in the position of hoisting engineer by virtue of and in accordance with their seniority. On November 19, 1940 plaintiffs made the following demand upon the commissioner of public works and the civil service commissioners:

"In accordance with the provisions of 'An Act to Regulate the Civil Service of Cities' and the rules pertaining thereto, we, and each of us, respectfully request and demand that you reinstate and appoint each of us to the positions of HOISTING ENGINEERS now filled by temporary appointees in the Bureau of Water Pipe Extension."

The complaint set forth the pertinent sections of the Civil Service Act applicable to the City of Chicago, which is entitled "An Act to Regulate the Civil Service of Cities" (pars. 39–77, ch. 24½, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 23.040–23.079]) and concluded with the prayer that a writ of mandamus issue directing defendants to call for employment, employ and reinstate plaintiffs in the order of their seniority in the positions of hoisting engineer now occupied by the aforesaid three civil service chauffeurs and the two temporary appointees under the designation of "Chauffeurs (when acting as Hoisting Engineers on air compressors)." As already shown, plaintiffs' claimed right to the issuance of the writ of mandamus is confined on this appeal to the three positions of hoisting engineer, the occupants of which were certified from the civil service eligible list of chauffeurs and as to which positions the complaint was stricken and the suit dismissed on defendants' motion.

Plaintiffs' theory as stated in their brief is that "their amended and supplemental petition shows a clear and undeniable right to the writ of mandamus

and that the action of defendants in employing chauffeurs to do the work of hoisting engineers under the designation of 'Chauffeurs (when acting as Hoisting Engineers on air compressors),' thereby depriving plaintiffs of their positions as Civil Service hoisting engineers, is in violation of the Civil Service Statutes of Illinois and the rules of the Civil Service Commission of Chicago.''

Defendants' theory is that ''the amended and supplemental petition for mandamus fails to allege facts sufficient to show the existence of a vacancy in the classified Civil Service to which the plaintiffs have a right to be appointed''; that ''the petition affirmatively shows that the position which plaintiffs seek to fill is not classified in the civil service''; that ''the petition fails to allege facts to show that plaintiffs possess the qualifications for the positions to which they seek to be appointed''; and that ''the petition fails to allege facts sufficient to show a clear legal right in the plaintiffs to the position sought by them.''

Does the complaint allege facts sufficient to show that plaintiffs have a clear legal right to the issuance of the writ of mandamus? The appropriation item in question requires no interpretation. The language used therein, ''when acting as Hoisting Engineers on air compressors,'' is plain and clearly defines the positions appropriated for under this item as hoisting engineers on air compressors. Under the civil service law and the rules of the commission no persons within the classified civil service other than hoisting engineers were qualified or eligible to operate air compressors. Whatever seeming doubt there may be in respect to this appropriation is solely the result of the wrongful attempt to make ''chauffeurs'' eligible for the positions of hoisting engineer. This the city could not do under the law and neither could the commission legally certify chauffeurs to fill the positions of hoisting engi-

neer nor could the Commissioner of Public Works legally employ as hoisting engineers the chauffeurs so certified.

Section 3 (par. 41) of the Civil Service Act, heretofore referred to, provides in respect to the classified service that "no appointments to any of such offices or places shall be made except under and according to the rules hereinafter mentioned." The commission has classified the position of hoisting engineer as Grade 3 (senior), Class F, Branch II and has fixed the compensation therefor at the prevailing scale of $13.60 per day. The commission has classified the position of chauffeur as Grade 2 (Junior), Class G, Branch II and has fixed the compensation for such position at the prevailing scale of $8 a day. There is no such civil service classification as "Chauffeurs (when acting as Hoisting Engineers on air compressors)." It should be noted that the rate of pay in the appropriation item involved herein was $13.60 a day, which is the rate of pay provided under the rules of the commission for the position of hoisting engineer, and that the rate of pay provided for chauffeurs under said rules was at that time $8 a day. It should be further noted that under the rules of the commission the position of hoisting engineer is in Class F, which embraces "positions the duties of which require training and ability in the operation or maintenance of equipment for the production of heat, light or power," and that said position is in Grade 3, which is denominated "Senior" grade and indicates positions of "intermediate responsibility." It should also be noted that the position of chauffeur is in Class G, which embraces "positions the duties of which relate to . . . the conveyance of merchandise and passengers" and that said position is in Grade 2, which is denominated "Junior" grade and indicates "positions of routine duties." It is readily apparent that the positions of hoisting engineer and chauffeur differ in class, grade

or rank and character of work, and are not of the same approximate pay. The certification of civil service chauffeurs to perform the work of hoisting engineers, which work is of a different class and of a higher grade and rate of pay, is specifically prohibited by the Civil Service Act and the rules of the commission. The commission is bound by its own rules. (*Ptacek v. People ex rel. Deneen,* 194 Ill. 125; *Collins v. County of Cook,* 208 Ill. App. 262.)

There is no question but that a civil service employee, who is on a civil service reinstatement list and possesses the requisite seniority rights, is entitled to appointment to any vacancy in the particular position for which he was examined and that no discretion may be exercised as to such appointment. Neither can there be any question but that the operation of an air compressor requires special skill and ability nor that the operation thereof is clearly within the scope of the duties of a hoisting engineer, as such duties are defined by the rules of the commission.

While civil service employees may be laid off for lack of work or lack of funds and while the city has a right to actually and in good faith discontinue any positions when the same become no longer necessary or useful or for the purpose of economy, yet neither it nor the commission has any right to continue such positions in force for some other persons in an entirely different class and grade and thereby deprive employees who are fully eligible under the Civil Service Act and the rules of the commission of their lawful right to reinstatement and appointment to those positions.

The situation here is not unlike that presented in *McArdle v. City of Chicago,* 216 Ill. App. 343. There McArdle was certified after examination to the position of "Cement Tester" in the department of public works and he worked in such position from 1898 to 1908, when he was supplanted by one Parkes who was designated in the appropriation ordinance of the city as

"Chief Tester in Charge of the Testing Division." In 1909 McArdle was discharged for lack of work and, in holding that he was entitled to the position for which he had been examined and to which he had been certified, this court said at p. 354:

"Obviously, Parkes had, in some measure, supplanted him and was doing some of his work, and the demotion and laying off of the petitioner were brought about, not by the abolition of the office, nor by reason of lack of work, but in order that his place might be used for others. . . . One of the chief purposes of the Civil Service Law is to protect honorable and efficient employees from arbitrary ouster. The method of dismissal is as important as that of selection and appointment. If it may be determined by the mere necessities of political power, then the virtues of Civil Service are easily and ignominiously destroyed."

In the instant case the positions which plaintiffs held as civil service hoisting engineers had not been abolished, notwithstanding the abortive attempt to accomplish that purpose by giving such positions a new and different designation in the appropriation ordinances. Nevertheless, plaintiffs were laid off for lack of work, although three civil service chauffeurs, who had never qualified by civil service examination for the position of hoisting engineer, were certified to the positions in question and employed in said positions when the complaint herein was filed and for some time prior thereto.

It will be recalled that the trial court held that the complaint was sufficient in so far as it pertained to the positions occupied by the two temporary employees. It is difficult to understand why it was not just as sufficient as to the three positions, the occupants of which were certified from the civil service eligible list for chauffeurs, who also could only be considered as mere temporary appointees, when employed as hoisting engineers on air compressors.

In our opinion the complaint for mandamus is sufficient in that everything necessary to create the duties which plaintiffs seek to have performed by defendants is either expressly averred therein or may be fairly inferred from the express allegations thereof.

Defendants assert that the record shows that no proper demand was made "prior to the filing of the petition for mandamus" in that plaintiffs' purported demand was that the commission "reinstate and appoint each of us to the positions of Hoisting Engineers now filled by temporary appointees in the Bureau of Water Pipe Extension." Defendants state in their brief that "the demand was not for the appointment to positions occupied by civil service chauffeurs but is confined to 'the positions of hoisting engineers now filled by temporary appointees.'" There is no merit in this contention. Even though the three occupants of the positions of hoisting engineer involved herein were certified from the civil service list of chauffeurs, under the law they can only be considered temporary appointees, because they occupied such positions without any legal right thereto and in direct violation of the civil service act and the rules of the commission.

Defendants insist that, since it is admitted that the positions designated "Chauffeurs (when acting as Hoisting Engineers on air compressors)" are not in the classified civil service, "mandamus does not lie to compel the civil service commission to appoint plaintiffs to such positions." Plaintiffs do not allege in their complaint any right to be appointed to positions in any other classification than their own—hoisting engineer—and they urge that, regardless of the devious attempt to disguise the appropriation in question for hoisting engineers under the designation "Chauffeurs (when acting as Hoisting Engineers on air compressors)," such appropriation must be held to have been made for hoisting engineers. We think plaintiffs' position in this regard is sound.

It is idle for defendants to urge that the complaint "fails to allege facts to show that plaintiffs possess the qualifications for the positions to which they seek to be appointed." By this they undoubtedly mean that, since the appropriation was for "chauffeurs," plaintiffs have made no showing that they possess the qualifications of a chauffeur. If such showing was necessary, they have made it, since they alleged that, while employed as civil service hoisting engineers on combination trucks and air compressors, they drove the trucks to and from the places of use of the air compressors. In any event the appropriation was in legal contemplation for hoisting engineers and not for chauffeurs.

We are impelled to hold that plaintiffs' complaint established a clear legal right to the issuance of a writ of mandamus, that they were entitled to appointment from the reinstatement list in the order of their seniority to the positions designated under the 1940 and 1941 appropriation ordinances as "Chauffeurs (when acting as Hoisting Engineers on air compressors)" and that the certifications from the civil service chauffeurs' eligible list to fill said positions and the employment of the persons so certified by the commissioner of public works were in violation of the provisions of the Civil Service Act and the rules of the civil service commission.

For the reasons stated herein the order of the circuit court of Cook county, in so far as it pertained to the positions of hoisting engineers occupied by the three civil service chauffeurs, is reversed and the cause is remanded with directions that a rule be entered on defendants to answer the amended and supplemental complaint and that such further proceedings be had as are not inconsistent with the views herein expressed.

*Order reversed and cause remanded with directions.*

FRIEND, P. J., and SCANLAN, J., concur.