People of State of Illinois ex rel. Leonard P. Turner, Appellant, v. Lloyd M. Johnson, Commissioner of Streets and Electricity et al., Appellees.

Gen. No. 44,936.

Opinion filed March 8, 1950. Rehearing denied March 31, 1950. Released for publication April 3, 1950.

MICHAEL F. RYAN, of Chicago, for appellant; RICHARD F. McPARTLIN, JR., of Chicago, of counsel.

BENJAMIN S. ADAMOWSKI, Corporation Counsel, for appellees; L. LOUIS KARTON, Head of Appeals and Review Division, and JOHN L. STEFFENS, Assistant Corporation Counsel, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a mandamus action to restore plaintiff to the duties of the position of Supt. of Dumps and Incineration in the City of Chicago. He has the title, is drawing the salary, but has been excluded from the duties. The court dismissed the suit and plaintiff has appealed.

Most of the facts were stipulated in the trial Court. Plaintiff passed a Civil Service examination for Dump Foreman in the Bureau of Streets of the Department of Public Works of the City of Chicago and was certi-

fied and appointed to that position February 1, 1915. Subsequently he passed the promotional examination for Supt. of Dumps and was certified and appointed to that position in the Bureau of Streets (now the Department of Streets and Electricity) February 10, 1927. The 1927 Appropriation Ordinance provided for a Supt. of Dumps. The 1928 Ordinance did not make that provision but instead provided for a Supt. of Dumps and Incineration. Plaintiff remained in position under this new appropriation. In 1929 the Civil Service Commission approved a change of title for plaintiff's position from Supt. of Dumps to Supt. of Dumps and Incineration. From 1929 through 1936 the City Council continued to appropriate for the position of Supt. of Dumps and Incineration. During the years from 1928 through 1934 the Goose Island Incinerator was in operation. Since 1934 the incinerator has not been operated. Until 1937 the title nevertheless remained unchanged and plaintiff continued in the position.

In 1937 the duties of the position were taken from plaintiff and the Council appropriated for the new title Supt. of Dumps and Incineration—Assigned as Division Supt. Plaintiff filled this position and was assigned to the duties of a Division Supt. of Streets. The City Council continued to appropriate for this new title until 1941 when the appropriation was again made for Supt. of Dumps and Incineration. This was the appropriation made in 1948 when the suit was filed. Plaintiff has continuously drawn the salary, as well as the automobile maintenance established in the appropriation ordinances. In 1944 the position of Division Supt. of Streets was abolished and plaintiff has since that time been assigned to assist the Chief Inspector of Streets. James Creed, a Civil Service Ward Supt., has been on leave of absence since 1945 from his Civil Service position. Since that time he has been under

temporary appointment to the position of Manager of Properties. This position was created in 1935 but no examination has been held for it. On January 22, 1948, plaintiff demanded assignment to the duties of his position. He sued July 16, 1948.

On the pleadings and stipulations and evidence heard the trial Court found the issues for defendant and against plaintiff. The issues made by the pleadings were whether the position of Supt. of Dumps was abolished, whether the Supt. of Dumps and Incineration is a new position which plaintiff had filled since 1928 as a temporary appointee and whether plaintiff was guilty of laches. The evidence taken disclosed that Creed was performing the duties of the position, title to which plaintiff held and the salary for which he received. The Court compared the classification of duties under both titles and concluded that the position of Supt. of Dumps was abolished and the Supt. of Dumps and Incineration a new position because of the change in title and duties and an increase in salary from $3360.00 in 1927 to more than $6400.00 at time of trial. The Court stated that it saw merit in the defense of laches but that it did not base its decision on "that basis alone." The decisive question the Court answered in the negative was whether plaintiff had established by clear and convincing proof that he was entitled to the writ.

If plaintiff's position under both titles Supt. of Dumps and Supt. of Dumps and Incineration was Civil Service then he has a right not only to the title and pay but also to the duties. *People ex rel. Gillespie v. Bundesen,* 277 Ill. App. 169. If the position of Supt. of Dumps was abolished and the Supt. of Dumps and Incineration is a new position, then plaintiff is not Civil Service under the latter title. The parties agree that the City Council has the right to abolish a Civil Service position in good faith and in the public interest. They

agree that an increase in salary alone or change in title alone do not in themselves abolish a Civil Service position. They agree that where additional but not different duties are added to the duties of a position, a new position is not created. *McArdle v. City of Chicago,* 172 Ill. App. 142.

The duties classified for Supt. of Dumps were substantially the disposition of ashes and rubbish and securing dumps therefor; maintaining and keeping dumps in good condition, and visiting them when necessary; supplying the men with proper tools, directing the foremen of dumps, seeing that reports were sent in properly; and reporting daily in writing regarding all work performed under his direction. The duties of Supt. of Dumps and Incineration included the foregoing, added similar duties with respect to the incinerator and, added supervision of all payrolls, appropriations, requisitions, and reports pertaining to the dumps and incinerator with responsibility for the proper handling of all expenditures and money allotted to him.

Plaintiff points out the duties for the Supt. of Dumps were classified in 1912 and that enlarged duties of Supt. of Dumps and Incineration classified in 1928 merely expanded the quantity of duties to accommodate them to the changing conditions. Defendant contends that "the supervision and maintenance of the incinerator and its necessary personnel and the supervision of the payrolls, appropriations, requisitions, and reports are the distinguishing duties" illustrative of the new position. It points to the machinery, technical gauges, and technical skill required in the operation of the incinerator, and the supervision of the clerical staff and the Superintendent's administrative duties.

We can see the literal difference in the duties classified for the two titles. In view of the uncontroverted testimony, however, we think it is plain that the differ-

175

ence was not substantial. After the incinerator was abandoned in 1934 and the old dump method restored, the title was not changed back to Supt. of Dumps. Increases in plaintiff's salary did not cease after the incinerator was abandoned. These facts are significant because they indicate that neither the title nor salary was necessarily related to incineration. Furthermore the plaintiff's department head, in writing for authority to change the title of plaintiff's position, said that the operation of the incinerator would eventually be under the supervision of the Supt. of Dumps "now set up in the budget under the title Superintendent of Dumps and Incineration. There will be no change of grade involved in this change in title."

██ No authority was sought under Section 10 (Paragraph 48, Chapter 24½, Illinois Revised Statutes [Jones Ill. Stats. Ann. 23.049]) of the Civil Service of Cities Act for the temporary appointment of plaintiff to that position. The Commission received no notice of the abolition under Section 13 (Paragraph 52) of the position of Supt. of Dumps. It has continuously approved Civil Service pay vouchers for plaintiff as Supt. of Dumps and Incineration. Plaintiff has never been suspended or discharged under Section 12 (Paragraph 51) of the Act. Finally the Civil Service Commission seems not to have considered the change in plaintiff's duties under the new title a raise in grade or rank which required the calling of an examination under Commission rules. There was no proof made of technical skill required for maintaining the incinerator or of the size of the clerical staff required or of moneys handled, etc. Proof that a private company operated the plant the first three months to train City employees does not supply the omission. We presume that the Civil Service Commission and the department heads acted reasonably. They considered that the position remained the same under both titles.

It is stated in the record that in plaintiff's case the law to protect tenure of employment had been rigorously observed. The Court had found that the position of Supt. of Dumps had been abolished and that the Supt. of Dumps and Incineration was a new position which plaintiff filled as a temporary. Plaintiff's tenure therefore was not protected in the first position since, according to the Court, that had been abolished. If he filled the second position as a temporary, he had no tenure.

██ The defendants made a motion to strike on the ground, among others, of laches. The motion was denied and defendants answered setting up the defense of laches. Plaintiff argues that this pleading over waived their right to assert the defense. We think that the defendants' motion was brought under Section 48 of the Civil Practice Act [Ill. Rev. Stat. ch. 110, par. 172; Jones Ill. Stats. Ann. 104.048] for what they conceived to be a defect appearing upon the face of the complaint and that the denial of the motion to strike did not preclude the raising of the defense in the answer. The parties agree that laches is not mere delay but delay which works a disadvantage to another. Defendants point to the changes in personnel on the Civil Service Commission, in the office of Commissioner of Streets and Electricity, and in the office of Mayor since 1937 and claim that they suffer prejudice by virtue of the loss of testimony of former officials. We agree with plaintiff that it is clear from the record that the testimony, which it is suggested would have been available had suit been brought earlier, would be irrelevant to the question involved. In any event, it is not such that could not have been given by the successors to the former officials.

██ For the reasons given we think the plaintiff showed a clear legal right to the writ of mandamus and that defendants have not been prejudiced by any

delay in bringing the suit and accordingly the defense of laches cannot be sustained. The judgment is therefore reversed and the cause is remanded with directions to enter judgment that the writ issue.

*Judgment reversed and cause remanded with directions.*

LEWE, P. J., and BURKE, J., concur.