People of State of Illinois ex rel. Frank Siegal, and Robert Morris, Appellants, v. William C. Griffin, as Chief of Police of Department of Police of Village of Skokie, Joseph Urbanus et al., as Members of Board of Fire and Police Commissioners of Village of Skokie, George D. Wilson, as President, and Patrick Seul et al., as Members of Board of Trustees of Village of Skokie, and Village of Skokie, Appellees.

Gen. No. 46,712.

First District, Second Division.

April 3, 1956.

Released for publication April 24, 1956.

McCarthy, Toomey and Reynolds, of Chicago, for appellants; John E. Toomey, of Chicago, of counsel.

Bryant, Colwell & Wells, of Chicago, for appellees.

JUDGE SCHWARTZ delivered the opinion of the court.

The relators, sergeants of police of the Village of Skokie, brought this mandamus suit to compel the appointment of one of them to fill a vacancy which, it is charged, exists in the position of lieutenant of police. The two relators are the only remaining persons on a civil service promotional list for that position. The trial court found against them, and they have appealed.

The substance of relators' case is that upon the resignation of one Stenson, the board of trustees on June 22, 1954, passed a resolution that in the best interest of the village, such vacancy should not be filled. An appropriation ordinance adopted July 13, 1954, failed to include any appropriation for the position. On September 7, 1954 an ordinance was duly passed by the board of trustees permanently abolishing the office. All this, relators contend, was done in bad faith and for the purpose of circumventing the appointment of one of the relators. Although the village contends that courts have no power to inquire into the motives for the passage of an ordinance legally adopted, they accepted the issue of good faith and rely on the evidence to sustain their position.

The mayor, chief of police, and trustees of the village testified in substance that the position had been left vacant and was later abolished because they found the police department could get along very well without that position. It appears that Stenson, the last incumbent, was essentially an office man and did the book work while a sergeant did the other work that might have been done by a lieutenant. This arrangement worked out so well the village concluded that in the interest of economy it would have the book work done at a cost of $80 a month, relieving the regular police officers of that work and letting a sergeant do the other work.

One of the witnesses presented by relators to prove the animus of the chief of police against the

relator Morris was a police magistrate. He testified he was present at a dinner given for the chief of police where a conversation took place in which it was stated that if Morris were made a lieutenant, arrangements could be made to have state traffic cases sent to Skokie. According to this witness for relators, officials and politicians there present agreed this was a problem for the chief, and when it was submitted to him, he exploded with an expletive characterizing Morris and saying ". . . if he is made lieutenant I am going to resign as chief." That ended the negotiations. The chief testified that all he said was that he would resign before he would make a recommendation appointing Morris a lieutenant; that he had an understanding with the mayor and board of trustees he would only accept the job as chief under one condition; that "I could operate the department without interference of politicians or anybody else from the outside, and that is what I had in mind when I refused to make this appointment." His testimony reveals the difficulties of a chief of police endeavoring to perform the functions of his office and emphasizes the need for caution when courts are asked to interfere with the administration of a police department. The trial court having heard all the testimony was apparently convinced that the board of trustees of the village was acting in good faith.

██ It is true, as counsel for relators point out, that the reasons for the trial court's decision are not set forth in the record, but the issue of good faith was squarely presented. In colloquy between the court and counsel for relators, the court asked what power it would have if the abolition of the office was in good faith. Counsel for relators answered that if it had been done in good faith, the court would have no power. Thus, the case was submitted on that issue of fact. The court having decided the issue in favor of respondents,

543

the finding is not to be reversed unless it is against the manifest weight of the evidence. Our conclusion is that it is amply supported by the evidence.

The cases cited by relators do not support their position. It is true there are cases holding that where a municipality abolishes a civil service position and then creates an identical position under a different name merely for the purpose of substituting one person for another, courts will not permit such an evasion of the Civil Service Act. People ex rel. Jacobs v. Coffin, 282 Ill. 599; People ex rel. Gillespie v. Bundesen, 277 Ill. App. 169; People ex rel. Turner v. Johnson, 340 Ill. App. 171; People ex rel. Fleming v. Geary, 322 Ill. App. 338. That is not the situation in the instant case. It may be that a sergeant is now given more supervisory duties while the clerical duties performed by a former lieutenant are being discharged by a clerical employee. That may well be sound police administration. In any event, it is no adequate basis for a court's interference with the administration of the Police Department of the Village of Skokie.

Judgment affirmed.

McCORMICK, P. J. and ROBSON, J., concur.