32 Ill. App.3d 142 (1975)
336 N.E.2d 334
PATRICK J. REILLY, JR., Plaintiff-Appellee,
v.
BOARD OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF ORLAND PARK et al., Defendants-Appellants.
No. 60973.
Illinois Appellate Court  First District (3rd Division).
September 4, 1975.
Arthur C. Thorpe, of Klein, Thorpe, Kasson and Jenkins, of Chicago, for appellants.
Richard McPartlin, of Chicago, for appellee.
Order affirmed.
Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:
Plaintiff, Patrick Reilly, brought this action in the circuit court of Cook County seeking a declaratory judgment that he was wrongfully removed as a police officer of the Village of Orland Park and a temporary restraining order against said Village from pursuing his removal.
After hearing arguments of counsel, the trial court issued an order temporarily restraining defendants from taking any action to terminate plaintiff's status as a police officer in the Village of Orland Park or from removing plaintiff from the roster and payroll therefrom until further order of the court. The trial court later issued a declaratory judgment order finding, in pertinent part, that plaintiff was entitled to certification by the defendant Board of Fire and Police Commissioners of Orland Park as a full-time policeman as of December 20, 1971; that the action of the *143 Village Board of Trustees in summarily discharging plaintiff was void and that plaintiff was not subject to removal except pursuant to the provisions of section 10-2.1-17 of the Municipal Code (Ill. Rev. Stat. 1973, ch. 24, par. 10-2.1-17); that although it was illegal for defendants to require plaintiff to submit to an examination for the position of patrolman, the striking of plaintiff's name from the eligible register was illegal and void; and that plaintiff was entitled to remain on the roster and payroll as a policeman in the Village of Orland Park until removed therefrom as provided by law. It is from the above declaratory judgment order that defendants now appeal.
Defendants make the following contentions on appeal: (1) that plaintiff was never legally appointed as a policeman of the Village of Orland Park and is therefore subject to summary removal; (2) that plaintiff is at most a de facto officer and as such is not entitled to a hearing before the Board of Fire and Police Commissioners in order to be removed; (3) the Fire and Police Commission acted within its discretion in removing plaintiff's name from the eligibility list; and (4) the allegations in the complaint as to other unlawful appointments are not relevant to the instant case.
We affirm.
There is essentially no dispute in the facts surrounding this case. On September 13, 1971, plaintiff was appointed by the Board of Trustees of the Village of Orland Park as a part-time policeman. On December 20, 1971, the same Village Board appointed him as a full-time policeman. Plaintiff did not take an entrance examination prior to either of the above appointments. On April 24, 1972, the first Board of Fire and Police Commissioners of the Village of Orland Park (hereinafter sometimes referred to as Board) was appointed. On September 25, 1972, the Board of Fire and Police Commissioners adopted its rules and regulations. Approximately 2 months later, plaintiff at the request of the chief of police, took an examination for the position of patrolman being conducted by the Board of Fire and Police Commissioners. On December 21, 1972, plaintiff's name appeared on the eligible list as a successful candidate. Subsequently, pursuant to the rules of the Board which provide that an applicant is not eligible to take the examination for the office of patrolman if said applicant has had his driver's license suspended on two or more occasions, the defendant Board struck plaintiff's name from the eligible register.
Plaintiff remained on the Village payroll up to January 15, 1974, when he was relieved from duty and notified that the Village Board of Trustees had voted for his dismissal which would become effective February 22, 1974. This termination was enjoined by the trial court.
*144 It is also undisputed that on April 1, 1970, the United States Census Bureau determined that the population of the Village of Orland Park was 6,391 persons and that on February 9, 1971, the Secretary of State certified this fact to the clerk of the Village of Orland Park.
It is further undisputed that the Board of Fire and Police Commissioners certified, without examination, two other members of the Police Department who, like plaintiff, were appointed to the department subsequent to April 1, 1970, and prior to the establishment of the Board of Fire and Police Commissioners on April 24, 1972.
We will first consider defendants' contention that the Fire and Police Commission acted within its discretion in removing plaintiff's name from the eligibility list. In the instant case, plaintiff approximately 11 months after his appointment as a full-time policeman and while serving in the capacity of a policeman, took an examination for the position of patrolman at the request of the chief of police. Plaintiff scored a passing grade on the examination and his name was placed on the eligibility roster. Later the defendant Board struck plaintiff's name from said roster, the purported reason being that plaintiff had violated rule B-9 of the Board of Fire and Police Commissioners in that plaintiff's driver's license had been suspended in 1962 and again in 1965 for traffic violations. Striking plaintiff's name from the eligibility roster for the above reason was in direct violation of the Board's own rule B-22 which provides:
"Any person whose name appears on an eligible register for original appointment, who commits or has committed any offense, except as provided in B-8 or B-9, * * * shall have his name stricken from the eligible register."
It is a basic rule of law that the Commission is required to comply with its own rules. (People ex rel. Bergquist v. Gregory (1949), 337 Ill. App. 661, 86 N.E.2d 434; Cartan v. Gregory (1946), 329 Ill. App. 307, 68 N.E.2d 193; People ex rel. Fleming v. Geary (1944), 322 Ill. App. 338, 54 N.E.2d 247.) Consequently, plaintiff, having scored a passing grade on the examination, was entitled to have his name restored to the eligibility roster.
Defendants further contend that plaintiff was never legally appointed as a policeman of the Village of Orland Park and therefore is subject to summary removal. In support of this contention, defendants rely on certain provisions of the fire and police commissioners act (Ill. Rev. Stat. 1973, ch. 24, par. 10-2.1-1 et seq.).[1] Defendants argue that Orland Park *145 became subject to the fire and police commissioners act on April 1, 1970, when it was determined that the population of Orland Park exceeded 5,000; that at this time plaintiff was not a member of the police department and could be lawfully appointed only by examination through the Board of Fire and Police Commissioners. Defendants further argue that plaintiff is at best a de facto officer and as such is not entitled to a hearing before the Board in order to be removed. We disagree.
It is true that on April 1, 1970, when the United States Census Bureau determined that the population of Orland Park exceeded 5,000, said Village became subject to the provisions of the fire and police commissioners act. (People ex rel. Trapp v. Tanner (1956), 10 Ill. App.2d 155, 133 N.E.2d 526.) It is also true that plaintiff, appointed by the Village Board of Trustees without taking an examination, was not appointed in accordance with the provisions of the fire and police commissioners act (Ill. Rev. Stat. 1973, ch. 24, pars. 10-2.1-4 and 10-2.1-6). This does not mean, however, that plaintiff is subject to summary removal. In the instant case, plaintiff was appointed as a full-time policeman before the Village established the procedures required by the fire and police commissioners act. Plaintiff further served in the capacity of a full-time patrolman from December of 1972 until January of 1974 when he was relieved from duty and notified that the Village Board of Trustees had voted for his dismissal. Moreover, while serving in the capacity of a full-time patrolman, plaintiff took and passed an examination for the position of patrolman being offered by the Board of Fire and Police Commissioners. *146 Under these circumstances, plaintiff, although a de facto officer, is entitled to the protection afforded by section 10-2.1-17 of the Municipal Code which provides that no officer or member shall be "removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense." Ill. Rev. Stat. 1973, ch. 24, par. 10-2.1-17.
A situation similar to that in the instant case presented itself in People ex rel. Siegal v. Rogers (1947), 397 Ill. 187, 73 N.E.2d 316. In that case, Siegal joined the police force of the Village of Skokie pursuant to a verbal appointment made by the village president. This appointment was in violation of applicable statutes in effect at the time which required the filing of an oath of office and bond with the village clerk and action by the village trustees before one could be appointed to the police department. Eleven years after Siegal's appointment, the Village of Skokie adopted the fire and police commissioners act and discharged Siegal without a hearing and without written charges having been filed against him. Addressing itself to the question of whether or not a proper appointment to membership on the police force was a prerequisite to the issuance of Siegal's writ of mandamus, the court stated:
"Upon the authority of People ex rel. Jacobs v. Coffin, 282 Ill. 599, we hold that a position may be created and an appointment made thereto by contract, either express or implied, and that one may lawfully hold a municipal position by virtue of a colorable appointment coupled with performance of the duties of the position and remuneration therefore under applicable appropriation ordinances. Here, relator was appointed by the village president, performed the duties of a policeman for eleven years and was remunerated pursuant to formal ordinances." 397 Ill. 187, 195, 73 N.E.2d 316, 321.)
In the instant case, plaintiff was appointed to his position as a full-time patrolman by the Village Board of Trustees, performed the duties of that position for over a year before being informed of his discharge, and was remunerated under applicable appropriation ordinances. Furthermore, plaintiff, while serving in the capacity of patrolman, took and passed an examination for the position of patrolman offered by the Board of Fire and Police Commissioners. Subsequently, his name was posted on the eligibility register. Under such circumstances, plaintiff is entitled to certification by the defendant Board of Fire and Police Commissioners and to the protection afforded by section 10-2.1-17 of the Municipal Code (Ill. Rev. Stat. 1973, ch. 24, par. 10-2.1-17).
Defendant's final contention is that other allegedly unlawful appointments have no relevance to the instant case. In light of the above discussion *147 of the first three issues defendants present for review, we see no necessity to consider this final contention. Accordingly, the declaratory judgment order of the circuit court of Cook County is affirmed.
Order affirmed.
DEMPSEY and MEJDA, JJ., concur.
NOTES
[1] Those provisions of the fire and police commissioners act most relevant to this case are:

Ch. 24, par. 10-2.1-4:
"The board of fire and police commissioners shall appoint all officers and members of the fire and police departments of the municipality, including the chief of police and the chief of the fire department * * *."
Ch. 24, par. 10-2.1-6:
"All applicants for a position in either the fire or police department of the municipality shall be under 35 years of age, shall be subject to an examination which shall be public, competitive, and free to all applicants, unless the council or board of trustees by ordinance limit applicants to electors of the municipality, county, state or nation, and shall be subject to reasonable limitations as to residence, health, habits and moral character. * * *"
Ch. 24, par. 10-2.1-7:
"Any full time member of a regular fire or police department of any municipality which comes under the provisions of this Division or adopts this Division 2.1 or which has adopted any of the prior Acts pertaining to fire and police commissioners * * * who has served at least one year as a full time member of such department, shall become a member of the classified service of the fire or police department respectively, in the position held by him at the time such department or municipality comes under the provisions of this Division, without examination."
Ch. 24, par. 10-2.1-17:
"Except as hereinafter provided, no officer or member of the fire and police department of any municipality subject to this Division 2.1 shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense. * * *"