EDYTHE MORRISON *et al.*, Plaintiffs-Appellees, *v.* THE CITY OF MOLINE, Defendant-Appellant.

Third District   No. 75-114

Opinion filed April 15, 1976.

698

ALLOY, J., dissenting.

William H. Dailey, of Califf, Harper, Fox & Dailey, of Moline, for appellant.

Walter D. Braud, of Braud, Warner & Neppl, of Rock Island, for appellees.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This action was brought by the plaintiffs, Edythe Morrison and Raymond Riopel, for reinstatement to their former positions of employment after being discharged by their employer, the Moline Public Library. After a hearing in which evidence was taken, the circuit court of Rock Island County entered judgment in favor of the plaintiffs. The City of Moline has appealed from this decision.

Plaintiff Riopel was hired by the Moline Public Library in March, 1963. Plaintiff Morrison was hired in February, 1965.

At all times pertinent to this proceeding, there was in force a Personnel Code, enacted by the Library Board of Moline, and regulating dismissal and hiring of all library employees. The Personnel Code enumerates various grounds for dismissal, including intoxication on the job, dishonesty, conduct on or off the job which would bring disrepute to the library, incompetence, insubordination, frequent unexplained absences from duty, and inability to perform duties satisfactorily. A tenured employee's rights, under the Personnel Code, carry "the assurance of continuous and permanent employment as long as the employee performs his duties satisfactorily and in accordance with the aims and objectives of the Board of Trustees." Further, tenure guarantees the "opportunity for the library employee to work without fear of undue interference or dismissal, and freedom from discharge for political, religious, or racial, or other unjust reasons."

No allegations of wrongful conduct were alleged against either plaintiff nor is it contested that each plaintiff was tenured.

During the 1974 budgetary process, the Library Board was informed by the Finance Committee of the Moline City Council that their proposed budget would not be approved, and that a reduced budget would be required. In response to this directive, the Library Board instructed the Library Director to formulate alternative plans to achieve this reduction. Thereafter, the Library Director submitted five alternative programs to reduce the budget for 1974. On March 7, 1974, the Library Board selected a plan and submitted it to the Finance Committee for approval. The plan selected and approved maintained the library hours and service, restructured staff positions and resulted in the dismissal of five employees, two of whom are the plaintiffs.

On or before March 11, 1974, the Moline Public Library had four employees working in two adjacent and related departments known as the Fine Arts and Film Departments. After March 11, 1974, a reorganization of those two departments was effected, and, as a result, the plaintiffs were discharged. Subsequently, film and fine arts were combined into one department. However, the department was not physically moved nor were the services changed.

As a result of the reorganization of the departments, four employees continued to provide the same services as before, except that two of the four employees were non-tenured. Ralph Segura was transferred from another department and replaced Riopel, and Terry Carter, the fourth person in the department, was transferred and replaced Morrison. Terry Carter was non-tenured.

Neither Morrison nor Riopel were removed from the Fine Arts Department because of unsatisfactory performance. In fact, Mrs. Morrison was considered a very hard worker. The Library Director stated the salaries of Morrison and Riopel were too high. Mrs. Morrison earned $6,585, and the Board replaced her with Mrs. Carter who was paid $5,075.

For the fiscal year 1974-75, the Moline Public Library had in excess of $200,000 appropriated for salaries. The actual expenditures for employees was $197,000. The actual budgetary need for employees was less than appropriated. After the discharge of Morrison and Riopel, each retained library employee, tenured and non-tenured, was given a raise.

Five budgetary proposals were submitted to the Board of Directors of the Moline Public Library. Each proposal was formulated and presented by the Director, Ina Kuzel. Proposals three and four recommended the discharge of Morrison and Riopel. Before these proposals were submitted, the departments in question expended $36,363 for salaries. After the reorganization the departments expended $30,592, not including the four percent salary increase. After the salary increase, the department

expended an amount in excess of $36,363. The salary increase was adopted by the Board in the same budget which approved the discharge of the tenured plaintiffs and transferred the other employees.

As a result of the reorganization and the budgetary appropriation, the four employees remaining in the two departments in question were receiving higher wages than before the reorganization.

The plaintiffs urge that the enactment of the Personnel Code bound the Library Board and the City of Moline, and that accordingly the plaintiffs could only be discharged for the reasons set forth therein. Further, they urge that the plaintiffs could only be discharged for cause, and since no cause existed, the trial court's judgment reinstating them should be affirmed.

On the other hand, the City of Moline urges that the Library Board is charged with the responsibility of appointing and maintaining the library staff necessary to operate a public library. The Library Board has exclusive control of the expenditures of all monies collected for the library. Furthermore, they urge that the amount of money to be appropriated for library use is not a Library Board decision, but wholly within the discretion of the City Council. Finally, the City argues that since the administration of the library is a matter within the discretion of the Library Board, the courts should not interfere with the exercise of this authority unless such exercise is shown to be arbitrary or capricious. Regarding the Personnel Code, the City of Moline contends that the dismissal provision does not state that an employee may be dismissed *only* for the reasons set forth above.

■■ We believe the argument of the City of Moline overlooks the nature and effect of the Personnel Code. This code specifically provides that a tenured employee may not be dismissed for any unjust reason. Since no allegations of wrongful conduct were either alleged or established against either plaintiff, the reinstatement should be affirmed.

■■ Under the Illinois Municipal Code (Ill. Rev. Stat. 1973, ch. 24, par. 10—1—1 *et seq.*), library employees are within the classified civil service. (See *Board of Library Directors v. Snigg*, 303 Ill. App. 340, 25 N.E.2d 420.) Although that Code does not apply to the instant appeal, we believe the Personnel Code, adopted by the Library Board, was designed to achieve many of the same goals. This Personnel Code therefore indicates that the standards embodied in respect to civil service employees should be applied by analogy.

■■■ We agree with the general principles set forth by the City of Moline, but believe they offer no support respecting their position. The plaintiffs as tenured employees could be laid off for lack of work or funds, and the City could in good faith discontinue positions. (See *People ex rel.*

*Fleming v. Geary*, 322 Ill. App. 338, 54 N.E.2d 247.) Neither the City of Moline nor the Library Board could continue the positions, formerly occupied by the plaintiffs, for other persons, absent evidence that these other employees had priority with respect to such positions, and, thereby deprive eligible tenured employees of their right to continued employment. The Library Board of the City of Moline may not circumvent the provisions of its own Personnel Code, regulating dismissal and hiring of all library employees, by creating new titles for positions which remain essentially the same. (See *Charles v. Wilson*, 52 Ill. App. 2d 14, 201 N.E.2d 627.) From the evidence, the trial court could have concluded, as it did, that the plaintiffs' dismissal was not reasonably caused by any economic necessity.

There is some dispute in the evidence regarding the duties of plaintiff Riopel and the duties undertaken by his successor, Ralph Segura. The record discloses that Segura was transferred from another department and replaced Riopel, in order to help with the art work and publicity, but that none of Riopel's duties were terminated when Segura replaced him. In addition, Ina Kuzel, the Library Director, testified that the position filled by Segura had been offered to Riopel but rejected because he did not want to take a pay cut.

We note first that the briefs of the parties do not distinguish between the treatment accorded Riopel and that accorded Morrison. The arguments used to support the discharge of Morrison are also raised with respect to Riopel.

Secondly, we are only required to decide whether there is sufficient evidence in the record from which the trial court could have inferred whether the Library Board's action was arbitrary and capricious. Whether Riopel was replaced for lack of qualifications to perform the art work, or whether it was due to his refusal to perform the same duties at a lower salary, were questions considered by the trial court and resolved in favor of plaintiff Riopel. The record sufficiently supports this decision.

■■ Although the Personnel Code contained no seniority provision, we believe that, in determining whether the Library Board's action was arbitrary and capricious, some significance may be attached to the length of service of various employees, able to perform the same tasks, whether in the same department or not.

For the foregoing reasons the judgment of the circuit court of Rock Island County is affirmed.

Judgment affirmed.

BARRY, J., concurs.

Mr. JUSTICE ALLOY, dissenting:

I respectfully dissent from the majority decision in this cause. I agree that the decision of the trial court as to plaintiff Edythe Morrison should be affirmed, but I believe that the decision of the trial court as to plaintiff Raymond Riopel should be reversed.

As indicated in the majority opinion, personnel matters relating to the library were the subject of the Personnel Code to which reference has been made. The Personnel Code simply provides for tenure and defines it as the right of holding a position following a satisfactory completion of 3 months' probationary period, and carries with it the assurance of continuous and permanent employment, as long as the employee performs his duties satisfactorily and "in accordance with the aims and objective of the Board of Trustees." It is recognized that there is no vested interest in the job as such which would require that the Library Board continue to be obligated to a particular employee, if the job was abolished or if the activities of the Library Board involving the job in question were terminated. Not even the attorney for plaintiffs contended in any manner that there was a right or benefit accruing from the Personnel Code, as to tenure, which would involve anything analogous to "seniority" in any respect. We are, therefore, not concerned with the question of retaining an individual on the basis of seniority in the job, other than the specific job being performed by the individual prior to dismissal. It is also apparent from the Personnel Code that the policies outlined there were not intended to be complete in all respects as statements of policy regarding termination of employment, since no provision is made for a situation where lack of sufficient funds would cause discontinuance of the operation of the library, or a portion of its activity, or of its function as it might be required to be restructured for budgetary reasons. As a consequence, it is obvious that employees could not be discharged only for cause, as outlined, but may also be terminated if budgetary matters relating to the library were of such character that the particular job is no longer maintained in the library. This, of course, must be based on good faith and not on arbitrary or capricious action.

I agree that, on the basis of the record, there is no indication that another employee who was retained, a Ms. Carter, was required to undertake responsibilities that Edythe Morrison was not capable of discharging. I, therefore, agree that the replacement of plaintiff Morrison by Terry Carter was not proper under the Personnel Code, as found by the trial court.

The situation as to plaintiff Riopel, however, presents a different problem. The testimony of Ms. Kuzel, the director of the library, discloses that the individual employed to replace plaintiff Riopel was employed to perform duties which Mr. Riopel was not qualified to do, namely,

artwork. A Ralph Segura was employed to perform those duties, which involved not only duties which Riopel had been doing but also required him, as part of his new job, to assist the head of the combined department with artwork. Additionally, according to the testimony of Ms. Kuzel, Mr. Riopel indicated to Ms. Kuzel that, as she had supposed, he would not be interested in taking the position that Mr. Segura was hired for, *i.e.*, as a technician, a position on a level paying less than Mr. Riopel's paraprofessional position. It, therefore, is shown by the record that Mr. Riopel declined to take, or at least to request that he be given the position which replaced his position as Film Librarian. The record shows that Mr. Riopel was not able to do art work, and that he would not want to be considered for the technician's position, and that Ms. Kuzel testified that Mr. Riopel had agreed he would not be interested in taking the technician's position, principally because of the reduced pay.

The decision of what to do to reduce the budget of the library to a level acceptable to the Moline City Council was a discretionary decision to be made by the Library Board. In absence of arbitrary and capricious action by the Board, that decision should not be subject to interference by the court. The action of the Library Board in choosing the alternative which resulted in termination of the position of Riopel was not arbitrary or capricious. The termination of employment in the library due to budget necessities, as shown by the record, was obviously not in violation of the rights of employees under the Personnel Code.

While I agree that the termination of Edythe Morrison could be considered arbitrary and capricious in view of the fact that she had been in the library for over 8 years and her replacement was only with the library a few days at most, and was neither more qualified than plaintiff Morrison nor could she do or perform any additional duties for which Morrison was not qualified.

As to plaintiff Riopel, however, the record shows that his replacement was assigned additional duties requiring an artistic talent, which Mr. Riopel admittedly did not have. In addition, the record shows that Mr. Riopel expressly indicated he was not interested in taking a position at a technician level doing the same duties he had been performing at a paraprofessional level.

For the reasons stated, I believe that the decision of the trial court as to plaintiff Morrison should be affirmed but the decision of the trial court as to plaintiff Riopel should be reversed.