ROBERT W. KEEFER, Plaintiff-Appellant, v. JOSEPH R. TRIZNA, Indiv. and as Sheriff of Will County, Defendant-Appellee.

Third District No. 78-32

Opinion filed October 19, 1978.

Gilbert Feldman, of Cornfield and Feldman, of Chicago, for appellant.

Edward Petka, State's Attorney, of Joliet (Nicholas E. Sakellariou, Assistant State's Attorney, of counsel), for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of the circuit court of Will County which granted the defendant Sheriff Trizna's motion to dismiss the amended complaint of the plaintiff Keefer, who was a nonprobationary deputy sheriff of Will County. The plaintiff's amended complaint was brought in four counts and sought *inter alia* to set aside certain disciplinary measures exacted upon him by the defendant.

The litigation between the parties from which this appeal ensued stems from a policy or practice of the defendant sheriff whereby he transferred to the members of his department the uninsured cost of repairing

damaged departmental motor vehicles when the same were damaged by one of his deputies or other members of the sheriff's office. Specifically, the defendant sheriff's policy was that when a deputy was involved in an accident resulting in damage to a county vehicle, the deputy would be given the option of either confessing negligence in connection with the accident and paying the sum of $250 (being the nondeductible portion of the department's insurance coverage), or should the deputy refuse to make such confession and payment the alternative was that the deputy would be transferred from his normal duties to duty at the county jail, where he would remain until he confessed negligence and made payment, and he might further be suspended from his job for a period of time which would result in a savings to the sheriff's department of at least the sum of $250. This savings would be derived from unpaid salary or compensation to the deputy.

In the instant case the plaintiff Keefer was involved in an accident with the departmental squad car. On December 18, 1975, the defendant gave the plaintiff the option of either making the $250 payment or receiving a five- to ten-day suspension from duties without pay. The plaintiff declined to make payment and on December 23, 1975, he was suspended by the defendant for a period of five days which resulted in a salary loss of $264. A copy of the disciplinary letter received by the plaintiff was placed in his personnel file and another copy was filed with the Will County Merit Commission. The plaintiff in addition to the foregoing was punished by being transferred from squad car duties to duties at the county jail.

At all times during the course of these events there was in effect General Order No. 74-9 which had been promulgated by the defendant sheriff and which provides for an advisory Personnel Review Board. We will direct our attention to this board and its procedural requirements as these matters become pertinent to the issues raised in this appeal.

The appeal raises for review several issues, one being that the discipline imposed upon him deprived him of a constitutionally protected property right in his employment without due process of law.

The defendant in arguing that the plaintiff has no property right in his employment which entitles him to due process protection relies primarily on the case of *Bishop v. Wood* (1976), 426 U.S. 341, 48 L. Ed. 2d 684, 96 S. Ct. 2074. After a close examination of this case we are not fully convinced that it stands for the proposition that the plaintiff in the instant case had no property interest in his employment and hence was not entitled to the due process protections. Unlike the North Carolina policeman in *Bishop v. Wood*, the employment of the plaintiff Keefer was not determinable solely at the will of his employer. However, we do not deem it necessary to consider the property interest in employment issue in order to determine the correctness or incorrectness of the trial court's decision in

this case. There are other issues raised by the plaintiff which, after examination, dictate that the order of the trial court dismissing the plaintiff's amended complaint should be reversed.

The plaintiff asserts that the defendant sheriff when suspending him failed to comply with his own procedural rules governing disciplinary matters and he was thereby denied the benefit of due process of law. The plaintiff in this assertion is referring to the hearing or investigation held by the Personnel Review Board. This board, its duties and its procedural requirements were created and established by the defendant's promulgation of General Order No. 74-9. This order creates a five-member board and requires that orders directing an individual to appear before the board shall specifically state all charges and shall set forth the date, place and time of the meeting. A number of other procedural requirements are set forth by General Order No. 74-9, one of which is that after a board hearing has been completed the chairman shall draft a report indicating the members comprising the board, the evidence adduced for and against the accused, and the findings and recommendations of the board.

■▌■ In examining the record in this case we find that there was a failure by the Personnel Review Board to comply with what we deem to be significant procedural requirements as set forth in General Order No. 74-9. The plaintiff was not furnished with an order to appear before the board which specifically stated the charges against him. The report submitted to the defendant by the chairman of the board discloses that only three of the five members of the board were present when the matter of the squad car accident in which the plaintiff was involved was reviewed. There was also a failure of the chairman of the board to indicate in his report the actual proceedings of the board as well as a disclosure of the evidence adduced for and against the plaintiff. Once the defendant sheriff utilized the services of the Personnel Review Board it was incumbent on the board to comply with the rules as set forth in General Order No. 74-9. In discipline proceedings, a public body must comply with its own rules and an employee being disciplined is entitled to rely upon those rules. (See *Morrison v. City of Moline* (1976), 37 Ill. App. 3d 697, 346 N.E.2d 55; *Reilly v. Board of Fire & Police Commissioners* (1975), 32 Ill. App. 3d 142, 336 N.E.2d 334.) The defendant contends that due process requirements for a short suspension does not require the full gamut of procedural safeguards and in support of this contention cites the case of *Goss v. Lopez* (1975), 417 U.S. 565, 42 L. Ed. 2d 725, 95 S. Ct. 729. We quarrel not with the law as set forth in *Goss v. Lopez*; however, we do not consider it applicable in the instant case. *Goss v. Lopez* dealt with the minimum standards of a hearing which an agency is required to provide where no written or statutory standards are present. We are faced with a

different situation in that General Order No. 74-9 set forth the requisite procedural standards and failure of a public body to comply with its own standards and rules denies due process to an employee being disciplined and hence results in reversible error.

Even though we have concluded that in this appeal a reversal is in order, an additional issue has been raised by the plaintiff which in our opinion is so fundamental to the propriety of the litigation that it should be determined by this court. The issue is whether the defendant sheriff had the power or authority to transfer the expenses of the operation of his office to deputy sheriffs.

In addressing ourselves to this issue we must at the outset recognize that a sheriff, while an employer, stands on a far different footing than a private employer. A sheriff is an elected public official, and therefore his duties and the operation of his office are controlled and regulated by statutory enactment. The powers and duties of a sheriff are set forth in section 1 of "An Act * * * in relation to sheriffs" (Ill. Rev. Stat. 1975, ch. 125, par. 1 *et seq.*). There is nothing contained in this statutory enactment that explicitly or implicitly authorizes a sheriff to transfer any portion of the expenses of his office to his deputies. A further statute provides for the fees that can be levied by a sheriff. (Ill. Rev. Stat. 1975, ch. 53, par. 37.) He must further make an accounting for any unexpended funds in his possession. (Ill. Rev. Stat. 1975, ch. 57, pars. 69, 70, and Ill. Rev. Stat. 1975, ch. 33, pars. 29 and 33.) County boards are charged with the duty to provide reasonable and necessary expenses for the use of the sheriff. (Ill. Rev. Stat. 1975, ch. 34, par. 432.) Our legislature has provided a comprehensive scheme or structure for the operations of the office of sheriff and it is well established that statutes conferring powers must be strictly construed not only as a grant of power but also as a limitation thereof. (See *Wesclin Education Association v. Board of Education* (1975), 30 Ill. App. 3d 67, 331 N.E. 335.) Statutory law has expressly provided that a sheriff operates his office from funds derived from fees and with appropriations made by the county board. No provision has been made for a sheriff to transfer a portion of the cost of operating his office to his deputies.

■■ The defendant sheriff argues that requiring a county employee to reimburse a county for damage caused to county property has no relation to the statutes which provide for the operation of the office of sheriff. He attempts to buttress this argument by calling attention to the fact that the county can purchase and retain both real and personal property for the use of the county and that further the county can be a plaintiff in a lawsuit. The statute relating to the institution of legal action by the county (Ill. Rev. Stat. 1975, ch. 34, par. 301) makes no mention of such action being commenced by the sheriff but specifically provides that the action shall be

brought in the name of the county. Acknowledging, however, that a sheriff can institute legal proceedings for the recovery of damage to the property of his office, such is not what occurred in the instant case. We are confronted with a situation where the defendant sheriff did not assume the role of a sheriff but by an admission in his brief made the determination that the plaintiff was negligent when he had an accident with the squad car. The defendant sheriff acted not as a plaintiff but as a judge. As we have previously stated, the plaintiff did not have a valid hearing because of procedural deficiencies. Assuming for purpose of arguendo that there were no procedural defects in the hearing before the Personnel Review Board, the plaintiff was nevertheless illegally penalized because first, the defendant sheriff had no authority to transfer costs of his office to a deputy, and secondly, an accused was entitled to a neutral and detached judge, which he did not have. See *Ward v. Village of Monroeville* (1972), 409 U.S. 57, 34 L. Ed. 2d 267, 93 S. Ct. 80.

For the reasons set forth the order of the circuit court of Will County which dismissed the amended complaint of the plaintiff is reversed and this cause remanded for further proceedings.

Reversed and remanded.

BARRY, P. J., and STOUDER, J., concur.