FRANK ROLANDO, Plaintiff-Appellee, *v.* SCHOOL DIRECTORS OF DISTRICT NO. 125, COUNTY OF LA SALLE *et al.*, Defendants-Appellants.

Third District   No. 75-396

Opinion filed December 31, 1976.

Andrew J. O'Conor, of Berry & O'Conor, of Ottawa, for appellants.

Louis E. Olivero, of Peru, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This appeal is brought by the School Directors of District No. 125, County of La Salle (hereinafter referred to as the defendants), to set aside an order of the Circuit Court of La Salle County which reversed the findings and decision of the Board of Education of District No. 125 which had dismissed Frank Rolando (hereinafter referred to as the plaintiff) as a teacher in the schools of the defendants' school district.

The plaintiff as a tenured teacher was employed to teach the sixth grade at the Lincoln Grade School in Oglesby, Illinois, for the school year of 1973-1974. It is evident that the plaintiff encountered some serious disciplinary problems as the result of misconduct on the part of five or six students, all of whom were boys. These students would not remain seated, made various kinds of noises, interrupted other students, threw paper wads, erasers, and ball point pens. There is also evidence in the record that one boy or possibly two boys drew pornographic pictures and another recited a filthy poem. There is no question but what there was a disciplinary problem in the sixth grade class which was under the control of the plaintiff. Confronted with this situation the plaintiff procured from a specialty store an instrument known as a cattle prod. The prod purchased by the plaintiff was a cylinder approximately two feet long with electrodes on one end that deliver a shock upon contact. The power source of the instrument was derived from five Size-C high-amperage heavy duty stock prod batteries. The instrument's intended use is to assist in herding or urging livestock to move. Throughout almost the entire month of October 1973, the plaintiff used the cattle prod to discipline unruly students. During this period of time five and possibly six boys were each on one or more occasions disciplined by the plaintiff by

inflicting upon them an electric shock from the cattle prod. The recipients of the electric charges testified that such treatment hurt, stung, and made them shaky. Two students cried when a shock was administered to them. Several students asked the plaintiff not to shock them with the cattle prod but instead they preferred to have their name written on the blackboard under the caption of "Cowards List." The record discloses that other students, both boys and girls in the sixth grade class, witnessed the use of the cattle prod and that they considered the reactions of the recipients as being funny and that the disciplinary treatment was a "big joke."

On occasion the plaintiff would assure a student that he would not apply the cattle prod to him if he would behave, *i.e.*, sit down at his desk, yet after the student complied the plaintiff, contrary to his statement, would administer an electric shock to the student.

In the early part of November 1973, the superintendent and principal of the school heard rumors as to the plaintiff's use of the cattle prod on students. Upon being interviewed the plaintiff admitted that he had used the prod for disciplinary reasons on certain children because they were bad.

On December 11, 1973, the defendants by personal service gave written notice to the plaintiff that he was to be dismissed as a teacher at the Lincoln School in Oglesby. The written notice of dismissal contained eight charges. The essence of the charges was that the plaintiff was charged with cruelty because of his use of the cattle prod on students, that he had never made an inquiry or sought a determination as to whether the physical and emotional condition of the students was such as to enable them to sustain and withstand the treatment meted out to them by the plaintiff. The notice further listed as reason for dismissal the use of the "Cowards List" and the defendants informed the plaintiff that the reasons for his dismissal were not remediable.

Subsequent to the notice of dismissal several hearings were had, evidence was presented and on February 7, 1974, the defendant board members rendered an administrative order, the effect of which was to terminate the plaintiff's employment as a teacher.

As we have previously stated, this administrative order was reviewed by the Circuit Court of La Salle County and the defendant school board's order of dismissal was reversed.

In this appeal several issues are presented for review, the first being whether the decision of the defendant board of education finding the plaintiff guilty of cruelty as defined by and within the meaning of the School Code was against the manifest weight of the evidence.

Neither the plaintiff nor the defendants contend that because of tenure a teacher cannot be dismissed. Our School Code specifically sets forth various reasons or causes which justify the dismissal of a teacher, and one

of the causes is a finding that the teacher is guilty of cruelty. See Ill. Rev. Stat. 1973, ch. 122, par. 10—22.4.

The law is well settled that under the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 264 *et seq.*) the findings and conclusions of an administrative agency on questions of fact are prima facie true and correct and the circuit court is authorized to set aside such findings only if they are against the manifest weight of the evidence. (*Petraitis v. Board of Fire & Police Commissioners* (1975), 31 Ill. App. 3d 864, 335 N.E.2d 126.) A particular administrative finding may not be adjudged against the manifest weight of the evidence unless from the record it appears that an opposite conclusion is clearly evident. (*Sudduth v. Board of Fire & Police Commissioners* (1964), 48 Ill. App. 2d 194, 198 N.E.2d 705.) The mere fact that an opposite conclusion is reasonable or that the trial judge might have ruled differently will not justify reversal of the administrative findings. *Crepps v. Industrial Com.* (1949), 402 Ill. 606, 85 N.E.2d 5.

Having set forth the well-established guidelines concerning the review of administrative findings it is incumbent upon us to apply them to the factual situation in the instant case. We first deem it quite pertinent to direct our attention to a portion of the trial court's written opinion which is as follows:

> "Whether or not Rolando's use of the cattle prod upon unmanageable children was 'cruelty' within the meaning of the statute can be argued ad infinitum. And with *good reason from either side.* * * *" (Emphasis supplied.)

While the trial court concluded that the acts of the plaintiff did not constitute cruelty, the language in the court's opinion that reasonable people would differ on that question clearly supports a determination that the administrative finding of cruelty on the part of the plaintiff was not against the manifest weight of the evidence and should not have been reversed.

■■ While we disagree with the trial court's reversal of the defendants' administrative order dismissing the plaintiff as a teacher, we do agree with that court's observation that "It is human for all of us to be initially and forthrightly shocked upon being told that a teacher was using a cattle prod upon sixth grade youngsters. We abhor the thought and convulse against it. It shocks our sensibilities and we instantly conclude that it goes beyond any rational concept of schoolroom discipline." That the plaintiff had a disciplinary problem in his classroom is well established by the evidence; however, we harbor the gravest of doubts as to the wisdom of the methods used by the plaintiff in his effort to cope with this problem. Unlike the trial court we cannot equate the use of a cattle prod with the use of a hickory switch or the sharp crack of a ruler across one's knuckles. It is apparent from the record that the recipients of the electric shocks

from the prod were actually cowed into submission. They would plead for amnesty which was on occasion promised but not granted. They were embarrassed by the laughing and hilarity of other students when the prod was applied. Equally as cruel as the electric charge received by the victim was the humiliation suffered by one who was publicly classified by the plaintiff as a coward when one's name was posted on the blackboard as a member of the coward's list. We conclude that there is no place in the public school system of our State for the use of cattle prods as a means of enforcing discipline. Other avenues and routes were available to the plaintiff, *i.e.*, suspension and expulsion. We repeat that the administrative finding that the use of the cattle prod was cruelty within the intent and meaning of our school code was not against the manifest weight of the evidence.

We are next presented with the issue as to whether the decision of the defendant board of education that the plaintiff's conduct was irremediable was against the manifest weight of the evidence. In determining this issue we are impressed with the striking similarity of the case of *Fender v. School District No. 25*, (1976), 37 Ill. App. 3d 736, 347 N.E.2d 270, with the instant case. In *Fender* the reviewing court stated:

> "In light of all the evidence before it, the Board was justified in finding plaintiff guilty of the charges set forth in the notice of dismissal. The record demonstrates that in at least three incidents unreasonable and unjustified corporal punishment was inflicted. The damage was done and the injury could not be repaired or remedied. The Board's determination that plaintiff's deficiencies were irremediable contains substantial foundation in the record. The Board, therefore, was not required to give written notice of such defects before initiating action to dismiss plaintiff. See *Glover v. Board of Education* (1974), 21 Ill. App. 3d 1053, 316 N.E.2d 534, *aff'd*, 62 Ill. 2d 122 (1975)." 37 Ill. App. 3d 736, 742-43.

■■ As in *Fender* we have before us a case where the damage has been done, to the students, the faculty and to the school itself and none of the damage could have been corrected even if written warnings had been served upon the plaintiff since the plaintiff was well embarked upon his program of disciplinary action before it came to the knowledge of his superiors or the community at large.

■■ Lastly, the plaintiff argues that the failure of the defendant board of education to deliver to the plaintiff a bill of particulars within five days of his request for the same deprived the board of jurisdiction to act. We are concerned with that portion of the school code which provides:

> " * * * If so requested, a bill of particulars shall be delivered to the teacher, within 5 days after receipt of the request. * * *" Ill. Rev. Stat. 1973, ch. 122, par. 24—12.

The plaintiff requested a bill of particulars and the same was delivered to him on December 26, 1973. The plaintiff contends that delivery should have been made not later than Christmas eve on December 24, 1973. In support of his contention that the defendant board lacked jurisdiction the plaintiff cites the case of *Keys v. Board of Education* (1959), 20 Ill. App. 2d 504, 156 N.E.2d 763. This case totally fails to support such contention and in fact does not even address itself to such issue. The plaintiff was served with written notice of dismissal. His request for a bill of particulars was granted albeit at the most two days later than the time required by statute. Hearing was had on the charges filed against the defendant on January 16, 1974, January 23, 1974, and January 30, 1974. At all times plaintiff was present at the hearings, represented by counsel who presented evidence and ably defended the plaintiff throughout the entire hearing. We fail to find that plaintiff was in any way prejudiced by the tardy compliance with his request for a bill of particulars. We certainly do not hold such tardy delivery to be jurisdictional but on the contrary believe that compliance with the statute is directory and not mandatory; however, the five-day rule should be adhered to whenever practicable. (See *Village of Park Forest v. Fagen* (1976), 64 Ill. 2d 264, 356 N.E.2d 59.) We do not deem it practicable to find fault with the failure to deliver a bill of particulars on Christmas eve.

For the reasons stated the judgment of the Circuit Court of La Salle County overruling the administrative decision of the School Directors of District No. 125, County of La Salle, is reversed.

Judgment reversed.

ALLOY, P. J., and STENGEL, J., concur.