NICK CHERNIAVSKY, ˙Plaintiff-Appellant, *v.* THE DEPARTMENT OF LABOR *et al.*, Defendants-Appellees.

Fourth District   No. 15314

Opinion filed July 30, 1979.

Michael B. Metnick, of Springfield, for appellant.

William J. Scott, Attorney General, of Chicago (Joseph D. Keenan, III, Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Upon administrative review the circuit court affirmed the determination of the Civil Service Commission (Commission) that plaintiff was not a certified employee under the Personnel Code and the Rules of the Department of Personnel and that the Commission did not have jurisdiction to hold a hearing upon his discharge. Plaintiff appeals.

Section 4a of the Code (Ill. Rev. Stat. 1975, ch. 127, par. 63b104a), provides:

> "There are hereby created three separate areas of jurisdiction of the Department, as follows:
> (1) * * *
> (2) Jurisdiction B, with respect to the positions in the State service to which persons must hold appointments on a basis of merit and fitness.
> (3) * * *."

Section 11 of the Personnel Code (Ill. Rev. Stat. 1975, ch. 127, par. 63b111), provides:

"No officer or employee under jurisdiction B, relating to merit and fitness, who has been appointed under the rules and after examination, shall be removed or discharged, * * * except for cause, upon written charges approved by the Director of Personnel, and after an opportunity to be heard in his own defense if he makes written request to the Commission * * *."

Rule 2—625 of the Department provides:

"For purpose of rules respecting discipline and discharge, 'certified employee' shall mean any employee who has satisfactorily completed a required period of probation and attained certified status in any position during the employee's most recent period of continuous state service."

It is substantially undisputed that on July 16, 1975, plaintiff was appointed a labor conciliator in the Illinois Department of Labor with an exempt status for purposes of Jurisdiction B. While the record does not clearly disclose the actual development of the exempt status, it appears that seven labor conciliators filled appointments that had been declared exempt by the Commission under section 4d(3) of the Personnel Code (Ill. Rev. Stat. 1975, ch. 127, par. 63b104d(3)), while three appointments were classified nonexempt. In the record the varying result appears to arise from an increase of the number of appointments to that position and a change in the organization of the Department of Labor. It is contended that plaintiff was appointed to one of the three nonexempt positions. It is not contended that plaintiff was unaware that his original appointment was designated as exempt from Jurisdiction B or that he acted in reliance upon a certified status following such appointment.

In October 1976, the Commission placed all appointments as labor conciliator under Jurisdiction B as provided in section 4b of the Code. By reason of the Commission order of October 20, 1976, plaintiff became subject to examination and his employment status was changed to provisional. Plaintiff took and passed the examination. On April 18, 1977, plaintiff was placed upon six months probation. On August 6, 1977, with the consent of the Director of Personnel, plaintiff was discharged for failure to perform his duties. On August 10, 1977, plaintiff requested a hearing before the Civil Service Commission to require showing cause for discharge. A scheduled hearing was postponed when plaintiff requested discovery and plaintiff's attorney agreed to waive a statutory requirement that a hearing be held within 30 days.

The defendant entered a special and limited appearance before the Commission contesting the jurisdiction to hold a hearing upon the

discharge, contending that plaintiff was a probationary employee who was not entitled to a hearing before the Commission.

The Commission adopted the finding of a hearing officer that plaintiff was not a certified employee under the Personnel Code, and that the Commission did not have jurisdiction to hear the appeal of his discharge.

The principal argument of plaintiff is that any purpose of probation has been served by reason of the fact that he had performed as a labor conciliator for some two years while plaintiff was under the exempt status. It is argued that his superiors had had ample opportunity to observe his performance of the duties prior to the taking of the examination, and that the requirement of a period of probation should be held to be unnecessary.

Examination of the relevant Code provisions brings the conclusion that the probationary period is affixed to the status of merit certification under Jurisdiction B, rather than to the simple fact of employment as exempt or otherwise. Section 4b(5) of the Personnel Code (Ill. Rev. Stat. 1975, ch. 127, par. 63b104b(5)) provides:

> "Employees in positions to which jurisdiction B is extended pursuant to this section shall be continued in their respective positions provided that they pass a qualifying examination prescribed by the Director within 6 months after such jurisdiction is extended to such positions, and provided they satisfactorily complete their respective probationary periods."

Section 8b.6 of the Personnel Code (Ill. Rev. Stat. 1975, ch. 127, par. 63b108b.6) provides that the Commission shall promulgate rules:

> "For a period of probation not to exceed one year before appointment or promotion *is complete*, and during which period a probationer may with the consent of the Director of Personnel, be discharged or reduced in class or rank, or replaced on the eligible list." (Emphasis added.)

Additional evidence of the legislative intent that completion of probation is necessary to attain certified status is found in section 17a of the Code (Ill. Rev. Stat. 1977, ch. 127, par. 63b117a), which grants discretion to the Director of Personnel to appoint any certified or probationary employee of a Federal agency which has become "closed by the Federal Government" to a comparable position in the State service without competitive examination, with the provision that:

> "* * *. Such persons will attain certified status provided they pass a qualifying examination prescribed by the Director within 6 months after being so appointed, and provided they thereafter satisfactorily complete their respective probationary periods."

Plaintiff contends that the authority of *Reilly v. Board of Fire &*

*Police Commissioners* (1975), 32 Ill. App. 3d 142, 336 N.E.2d 334, requires a reversal. That opinion affirmed a declaratory judgment requiring that a discharged policeman be certified as an appointed officer to the village police. While the facts include a period of service by an appointment of plaintiff made prior to any provision for written examination and placement on the eligible list, the gist of the action is that the plaintiff's name was stricken from a roster of eligible appointees for reasons which were contrary to the rules and criteria adopted by the defendant board. That case was not concerned with the requirement of a period of probation necessary to "complete" the appointment.

Further, as the defendant points out, the relevant statute providing for fire and police commissioners (Ill. Rev. Stat. 1973, ch. 24, par. 10—2.1—7) provided that a full-time police officer who had served for one year prior to the municipal adoption of a board of fire and police commissioners and the giving of examination was entitled to certification and a classified status without any examination. Thus, the plaintiff's further or new appointment as a police officer was not required to enable him to receive the benefit of the particular status.

■■ Here, the records of the Director of Personnel disclose that in April 1977, plaintiff was appointed to a probationary status. No claim otherwise is made. The record disclosed no reason to conclude that the provision for probation to complete the merit status should not apply.

■■ It is argued that plaintiff is entitled to reinstatement for the reason that the Commission did not, within 30 days, determine that it was without jurisdiction to hold a hearing. The record shows that incident to a demand for discovery, plaintiff's counsel waived the 30-day limitation. He cannot, now, raise the issue.

■■ Plaintiff also argues that the discharge without a hearing violates constitutional due process. This issue is raised for the first time on appeal and thus cannot now be considered preserved for review. *Griffitts Construction Co. v. Department of Labor* (1979), 76 Ill. 2d 99, 390 N.E.2d 333.

The judgment of the trial court is affirmed.

Affirmed.

CRAVEN and GREEN, JJ., concur.