153 Ill. App.3d 1024 (1987)
506 N.E.2d 640
THEODORE FADLER, Plaintiff-Appellant,
v.
THE STATE BOARD OF EDUCATION et al., Defendants-Appellees.
No. 5-86-0120.
Illinois Appellate Court  Fifth District.
Opinion filed March 26, 1987.
*1025 Charles H. Stegmeyer, of Belleville, for appellant.
Edward J. Fisher and David R. Smith, both of Nehrt, Sachtleben, Fisher, Smith & Kerkhover, of Chester, for appellee Prairie du Rocher Community Consolidated School District No. 134.
No brief filed for appellee Illinois State Board of Education.
Judgment affirmed.
PRESIDING JUSTICE KARNS delivered the opinion of the court:
Plaintiff, Theodore Fadler, appeals from the judgment of the circuit court of Randolph County sustaining the order of dismissal entered by the administrative hearing officer upon charges of immoral conduct. We affirm.
Prior to his dismissal, plaintiff was a tenured teacher for Prairie du Rocher Community Consolidated School District No. 134. He had taught third grade in the district for the last three years and sixth grade for the preceding 13 years.
The board of education of Prairie du Rocher Community Consolidated School District No. 134 (the board) passed a resolution on November 15, 1984, to dismiss plaintiff without prior notice. (The board adopted a "supplemental resolution" on December 10 clarifying that its November 15 resolution had actually been a suspension pending dismissal but otherwise ratified and confirmed the original resolution.) Plaintiff was charged with immoral conduct based on two alleged incidents. *1026 According to the bill of particulars, on October 22 or 23, 1984, plaintiff placed his hand beneath the waistband of the jeans and undergarment worn by one of his students, K.M., in the area of her buttocks while she was standing on the floor leaning over her desk. The second incident allegedly occurred on October 31, 1984, after the end of a recess. Another of his students, G.R., was returning a ball to the first grade classroom and, upon entering the outside door of the building, found plaintiff standing inside the door. As G.R. approached plaintiff, he put his hand out and squeezed her breast several times.
The administrative hearing officer sustained plaintiff's dismissal. She found that the two fondling incidents were "proven by competent testimony and by a preponderance of the evidence." She also found that plaintiff's conduct was irremediable, having caused damage to the students and to the school as a whole. The trial court sustained plaintiff's dismissal.
Plaintiff argues on appeal the trial court abused its discretion in sustaining the administrative hearing officer's findings that plaintiff's conduct was immoral within the meaning of section 10-22.4 of the School Code (Ill. Rev. Stat. 1983, ch. 122, par. 10-22.4) and that plaintiff's conduct was irremediable.
 1, 2 Under section 3-110 of the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3-110), the findings and conclusions of an administrative agency on questions of fact are held to be prima facie true and correct. Only if the findings are against the manifest weight of the evidence can they be set aside. (See, e.g., Board of Education v. Sickley (1985), 133 Ill. App.3d 921, 924, 479 N.E.2d 1142, 1145.) A finding cannot be adjudged against the manifest weight of the evidence unless an opposite conclusion is clearly evident from the record. (Rolando v. School Directors of District (1976), 44 Ill. App.3d 658, 661, 358 N.E.2d 945, 947.) The mere fact that an opposite conclusion is reasonable or that a reviewing court might have ruled differently does not justify reversal of the administrative findings and decision. (44 Ill. App.3d 658, 661, 358 N.E.2d 945, 947.) Plaintiff no longer takes issue with the findings themselves. What plaintiff does take issue with is their legal effects, that is, whether these findings constituted cause for dismissal.
 3 No tenured school teacher may be removed from employment except for cause. (See Ill. Rev. Stat. 1983, ch. 122, par. 10-22.4; Chicago Board of Education v. Payne (1981), 102 Ill. App.3d 741, 746, 430 N.E.2d 310, 314.) "Cause" is some substantial shortcoming which renders continuance in employment detrimental to discipline and effectiveness of service; something which the law and sound public opinion *1027 recognize as a good reason for the teacher to no longer occupy his position. (102 Ill. App.3d 741, 747, 430 N.E.2d 310, 314-15.) Immorality is a sufficient cause for dismissal as long as the record reveals harm to the pupils, faculty or school itself. (See Reinhardt v. Board of Education (1974), 19 Ill. App.3d 481, 485, 311 N.E.2d 710, 713, vacated for further findings (1975), 61 Ill.2d 101, 329 N.E.2d 218.) We find sufficient evidence of harm to the students and to the school itself on the record to support the order of dismissal. Plaintiff clearly took advantage of his position of authority to the detriment of the students' trust and confidence.
 4 Plaintiff argues, however, due process requires the use of an objective standard to determine whether certain conduct is immoral. Plaintiff raises this issue for the first time on appeal; consequently, we need not consider his contention. (See Wilson v. Collinsville Community Unit School District No. 10 (1983), 116 Ill. App.3d 557, 561, 451 N.E.2d 939, 941; Cherniavsky v. Department of Labor (1979), 74 Ill. App.3d 517, 521, 392 N.E.2d 1135, 1138.) We note, however, no one should need a definitional list to realize that placing one's hand inside the undergarments of a 9-year-old student or squeezing the breast of a young girl is not acceptable conduct for a teacher.
Plaintiff also attacks the finding of irremediability. Plaintiff argues the test for determining whether conduct is irremediable was not met in this instance because no harm to the students or school district was proved. The board therefore had no jurisdiction to dismiss him without notice. Plaintiff concludes that, consequently, both the hearing officer's and the trial court's affirmance of his dismissal were against the manifest weight of the evidence and were abuses of discretion.
 5 Whether causes for dismissal are remediable is a question of fact with the initial determination resting with the board. (McBroom v. Board of Education (1986), 144 Ill. App.3d 463, 473, 494 N.E.2d 1191, 1198; Morris v. Board of Education (1981), 96 Ill. App.3d 405, 411, 421 N.E.2d 387, 392.) The board's decision will not be overturned unless the reasons given for dismissal are against the manifest weight of the evidence or the board has acted in an arbitrary or capricious manner. Morris v. Board of Education (1981), 96 Ill. App.3d 405, 411, 421 N.E.2d 387, 392.
 6, 7 The test for determining whether conduct is irremediable as established in Gilliland v. Board of Education (1977), 67 Ill.2d 143, 365 N.E.2d 322 is (1) whether damage has been done to the students, faculty or school, and (2) whether the conduct resulting in that damage could have been corrected had the teacher been warned. (67 Ill.2d 143, *1028 153, 365 N.E.2d 322, 326. See also Board of Education v. State Board of Education (1983), 99 Ill.2d 111, 119-21, 457 N.E.2d 435, 439-40.) If the conduct is remediable, the teacher is entitled to a written warning before being dismissed. (E.g., Board of Education v. State Board of Education (1983), 99 Ill.2d 111, 118-19, 457 N.E.2d 435, 439; McBroom v. Board of Education (1986), 144 Ill. App.3d 463, 473, 494 N.E.2d 1191, 1198.) Without such warning, the board is deprived of jurisdiction to terminate a teacher's employment for the causes given. (E.g., Chicago Board of Education v. Payne (1981), 102 Ill. App.3d 741, 749, 430 N.E.2d 310, 316; Paprocki v. Board of Education (1975), 31 Ill. App.3d 112, 114, 334 N.E.2d 841, 844.) If the teacher's conduct is irremediable, however, no written warning is required before initiating the dismissal action. See McBroom v. Board of Education (1986), 144 Ill. App.3d 463, 473, 494 N.E.2d 1191, 1198; Board of Education v. State Board of Education (1985), 138 Ill. App.3d 947, 950, 487 N.E.2d 24, 26.
 8 It is clear plaintiff's conduct caused irreparable damage to the students and the school itself and could not be remedied by a simple written warning. Plaintiff took advantage of his special position in society in taking sexual liberties with his students. His conduct not only hindered his ability to enlighten students as to proper behavior, but also harmed that element of trust placed in teachers and the school system by the students and the community as a whole. It is true no immediate medical or psychological treatment for the two students fondled was necessitated by plaintiff's conduct. This does not mean the Gilliland test has not been satisfied. The board is not required to wait until such conduct causes clinical adverse effects on the students before finding the conduct immoral and irremediable while other students may be subject to future abuse. As the board's expert testified, true damage resulting from sexual abuse may take years to fully manifest itself. Plaintiff's conduct was not only harmful to the individual student-teacher relationship but was equally harmful to the reputation of and faith in the faculty and school. (See Board of Education v. State Board of Education (1985), 138 Ill. App.3d 947, 952, 487 N.E.2d 24, 27; Rolando v. School Directors (1976), 44 Ill. App.3d 658, 662, 358 N.E.2d 945, 948.) The board clearly met the first step of the Gilliland test.
 9 As for the second prong of the remediability test, we agree with the reasoning of Board of Education v. State Board of Education (1985), 138 Ill. App.3d 947, 487 N.E.2d 24, that it is not an appropriate test to apply to situations involving alleged immoral conduct of a teacher. (138 Ill. App.3d 947, 953, 487 N.E.2d 24, 28. See also *1029 McBroom v. Board of Education (1986), 144 Ill. App.3d 463, 473, 494 N.E.2d 1191, 1198.) It could always be argued that if told to do so, plaintiff could refrain from improper touching. (See Board of Education v. State Board of Education (1985), 138 Ill. App.3d 947, 952, 487 N.E.2d 24, 27.) This does not remedy the problem, however. Plaintiff's conduct has already caused a breach of trust in plaintiff and in the entire faculty and school system. The more appropriate focus is not whether the conduct itself could have been corrected by a warning but whether the effects of the conduct could have been corrected. (138 Ill. App.3d 947, 953, 487 N.E.2d 24, 28.) A warning, even if effective in stopping plaintiff's conduct, would not be effective in correcting the psychological damage to the students or the damage to the reputation of the faculty, school district and plaintiff himself. We are not dealing here with simple deficiencies in teaching or differences in methods of punishment. (Cf. Grissom v. Board of Education (1979), 75 Ill.2d 314, 388 N.E.2d 398; Gilliland v. Board of Education (1977), 67 Ill.2d 143, 365 N.E.2d 322.) Plaintiff's conduct has no legitimate basis in school policy or society. No purpose would be served by giving plaintiff a written warning. We conclude, therefore, plaintiff's conduct is irremediable. See Board of Education v. State Board of Education (1985), 138 Ill. App.3d 947, 953-54, 487 N.E.2d 24, 28. See also McBroom v. Board of Education (1986), 144 Ill. App.3d 463, 474, 494 N.E.2d 1191, 1198; Chicago Board of Education v. Payne (1981), 102 Ill. App.3d 741, 749, 430 N.E.2d 310, 316-17.
For the reasons stated above, we affirm the judgment of the circuit court of Randolph County sustaining the administrative hearing officer's order of dismissal of plaintiff as a teacher in Prairie du Rocher Community Consolidated School District No. 134.
Affirmed.
HARRISON and WELCH, JJ., concur.