BOARD OF EDUCATION OF THE CITY OF CHICAGO, Plaintiff-Appellee, v. WILLIE BOX *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 1—88—3377

Opinion filed November 14, 1989.

James B. Dykehouse, of Witwer, Burlage, Poltrock & Giampietro, of Chicago, for appellant.

Patricia J. Whitten and Susan Einspar-Wayne, both of Board of Education of the City of Chicago, of Chicago, for appellee.

JUSTICE DiVITO delivered the opinion of the court:

In this appeal of the order of the circuit court pursuant to administrative review, defendant Willie Box challenges his dismissal as an elementary school teacher for the Board of Education of the City of Chicago (the Board). The Illinois State Board of Education and Peter R. Meyers, named as defendants in the circuit court proceeding, have not joined in this appeal. The issues raised are: (1) whether this court has subject matter jurisdiction; (2) whether the administrative hearing

officer's initial findings and decision were against the manifest weight of the evidence or contrary to law; and (3) whether defendant's conduct was irremediable.

Defendant, a tenured teacher who had been employed by the Board for approximately 16 years, was assigned, since the 1981-82 school year, to the Yates Elementary School, where he taught fifth grade. On December 18, 1985, the principal of Yates, Burton Hirsch, informed defendant that several female students in defendant's class had accused him of touching their chests, shoulders, legs, and buttocks during the fall semester of the 1985-86 school year. Hirsch conducted an investigation into the allegations on December 17-18, 1985, after which defendant was relieved of his classroom teaching duties and assigned to the district office.

On October 22, 1986, the Board brought charges and specifications against defendant and suspended him without pay pending a hearing conducted before an impartial hearing officer under the auspices of the Illinois State Board of Education, in accordance with section 34—85 of the School Code (Ill. Rev. Stat. 1985, ch. 122, par. 34—85). In its request for dismissal, the Board charged defendant with irremediable conduct unbecoming a teacher and causing irreparable harm and damage to certain students. The specifications stated that defendant "had unprofessional physical contact with students, including but not limited to touching the chest and legs" of students Evelyn R., Monique T., Latasha F., Leslie C., and Maria L., each of whom was 10 or 11 years of age at the time.

The hearing was held on March 31, April 1, 6, 10, 14, and 24, 1987. The Board presented 15 witnesses, including the five students named above, two parents of two of the children, two other students in the class, school personnel involved in the investigation, a clinical psychologist, and two additional school employees who rebutted testimony by defendant. Defendant and two other teachers testified as defense witnesses. On June 29, 1987, after both parties submitted post-hearing briefs, the hearing officer found that defendant had improperly touched the students. Despite this finding, he concluded that the Board's failure to issue defendant any warning notice to remedy, prior to suspension, required defendant's reinstatement. He determined that the Board did not prove its charge of "unprofessional physical contact" and, therefore, the conduct was not irremediable. Defendant's suspension without pay was therefore reversed, and defendant was ordered reinstated with full back pay and all other benefits of employment to which he would have been entitled.

On July 27, 1987, the Board filed a complaint in the circuit court

of Cook County for administrative review of the hearing officer's decision. (See Ill. Rev. Stat. 1987, ch. 110, par. 3—101 *et seq.*) On November 25, 1987, the circuit court issued an order which reversed the hearing officer's decision because it was contrary to law and against the manifest weight of the evidence, and remanded the matter to the hearing officer for findings in accordance with its order. On December 28, 1987, defendant filed a notice of appeal from the circuit court's decision. In response, on January 26, 1988, the Board filed a motion to dismiss the appeal, arguing it was interlocutory in nature. Defendant never responded to the motion, and this court dismissed his appeal.

On June 21, 1988, pursuant to the circuit court's remand, the hearing officer held that the Board's action in suspending defendant without pay and seeking his immediate termination was warranted by the evidence and that the behavior with which defendant was charged was irremediable. Defendant's request for reinstatement was therefore denied.

On August 3, 1988, defendant filed a motion with the circuit court to make final that court's order of November 25, 1987. The court denied the motion but, on October 2, 1988, held that it had retained jurisdiction of the matter and affirmed the hearing officer's decision. Defendant appeals from this order.

I

The Board contends initially that this court lacks subject matter jurisdiction because the original circuit court order was final and defendant had abandoned his appeal, or, alternatively, that the remand was substantive and defendant failed to file a timely complaint for administrative review. In response, defendant argues that the Board, because it filed a motion to dismiss the original appeal on the grounds that it was interlocutory in nature, is judicially estopped from contending that this court does not have subject matter jurisdiction. Moreover, he maintains that he complied with the applicable provisions of the Administrative Review Law (Ill. Rev. Stat. 1987, ch. 110, par. 3—101 *et seq.*).

■■ ■ Defendant's response that the Board is judicially estopped from arguing lack of subject matter jurisdiction is without merit. Though the doctrine of judicial estoppel prohibits a party from asserting a position contrary to a prior position which he asserted in the same matter (*Finley v. Kesling* (1982), 105 Ill. App. 3d 1, 433 N.E.2d 1112), subject matter jurisdiction cannot be conferred by any form of *laches*, consent, waiver, or estoppel. (*Jenner v. Wissore* (1988), 164 Ill.

App. 3d 259, 517 N.E.2d 1220; *Paulik v. Village of Caseyville* (1981), 100 Ill. App. 3d 573, 427 N.E.2d 213.) Moreover, subject matter jurisdiction may be challenged at any time. (*Dubin v. Personnel Board* (1989), 128 Ill. 2d 490, 496, 539 N.E.2d 1243.) The Board may raise lack of subject matter jurisdiction at this stage (see *Dorr-Wood, Ltd. v. Department of Public Health* (1981), 99 Ill. App. 3d 170, 173, 425 N.E.2d 499; *Talandis Construction Corp. v. Illinois Building Authority* (1978), 60 Ill. App. 3d 715, 377 N.E.2d 237), and this court has jurisdiction to consider the issue.

■ Generally, an order arising from administrative review which remands for further proceedings or evidentiary evaluation is interlocutory in nature and not appealable. (*Rosecky v. Department of Public Aid* (1987), 157 Ill. App. 3d 608, 511 N.E.2d 167; *Downey v. Industrial Comm'n* (1969), 44 Ill. 2d 28, 253 N.E.2d 371.) The Board now argues that the remand order of November 25, 1987, was final and appealable and, therefore, the court presently lacks subject matter jurisdiction of this appeal. Relying upon *Wilkey v. Illinois Racing Board* (1983), 96 Ill. 2d 245, 249, 449 N.E.2d 104, the Board asserts that because the order fully and finally disposed of rights of the parties to the cause so that no material controverted issue remained to be determined, the subsequent findings of the hearing officer were "incidental matters," and the circuit court's order was therefore final.

■ The record in this case, however, shows that the circuit court remanded the matter to the hearing officer to make findings which were not in conflict with each other and to decide the issues according to the law. The record further reflects that the parties, confused by the circuit court's remand, questioned the court as to what it had ordered and that the circuit court refused to consider the first order final and repeated its order for a ruling in which the hearing officer would enter consistent findings. Additionally, as previously indicated, the record reflects that the circuit court, in affirming the hearing officer's second decision, ruled that it had retained jurisdiction in the matter. Given the state of this record, we conclude that we do have subject matter jurisdiction, and we will consider the other substantive issues presented.

II

Defendant maintains that the hearing officer's initial decision was not against the manifest weight of the evidence or contrary to law. He argues that when the circuit court reversed and remanded the initial decision, it contravened the applicable standards for administrative review.

■ Under section 3—110 of the Administrative Review Law, the findings and conclusions of an administrative agency on questions of fact are considered to be *prima facie* true and correct. (Ill. Rev. Stat. 1987, ch. 110, par. 3—110.) Only if the findings are against the manifest weight of the evidence can they be set aside. (See, *e.g., Board of Education of Tonica Community High School District No. 360 v. Sickley* (1985), 133 Ill. App. 3d 921, 924, 479 N.E.2d 1142.) Here, the circuit court, after examining the entire record, determined that the hearing officer's decision was against the manifest weight of the evidence. For the following reasons, we agree with that conclusion.

■ In tenured teacher dismissal proceedings, the school board must prove by a preponderance of the evidence that there is cause for dismissal. (*Board of Education v. State Board of Elections* (1986), 113 Ill. 2d 173, 497 N.E.2d 984.) Here, the hearing officer found:

"Based on all of the evidence and testimony in the record, this Hearing Officer is convinced that the Board met its burden of proving that respondent did, in fact, improperly touch his students."

He then stated that, although the touchings were improper, the Board did not prove by a preponderance of the evidence that they were "unprofessional physical contact" because "the actions were [not] of a sexual nature or outside the scope of normal physical touching that occurs as part of the operation of the classroom." Moreover, he characterized "unprofessional physical contact" as a "more serious charge" which was not supported by any evidence but the testimony of the girls, who were in a "clique." He found that their credibility was undermined because they were all friends, had not had a classroom male teacher before, and were disciplined by defendant following a field trip.

The circuit court relied upon the holding of *Board of Education of Argo-Summit District No. 104 v. Hunt* (1985), 138 Ill. App. 3d 947, 950, 487 N.E.2d 24, in which the appellate court affirmed the circuit court's reversal of a hearing officer's decision. The court held, in that case, that it was against the manifest weight of the evidence for the hearing officer to find that the teacher improperly touched students but that, because there was no sexual intent, that conduct was not so unprofessional as to warrant discharge. In that case, the court reasoned that there were no circumstances under which pinching seven- and eight-year-old girls on the buttocks would be tolerated. In reliance upon *Argo-Summit*, the circuit court, in this case, held that because the hearing officer made the factual finding of improper touching, according to the law and the evidence, this constituted "unprofessional

physical contact" regardless of a lack of sexual intent.

Relying upon *Board of Education of Tonica Community High School District No. 360 v. Sickley* (1985), 133 Ill. App. 3d 921, 924, 479 N.E.2d 1142, defendant argues that a finding of improper touching does not necessarily mean that "unprofessional physical contact" occurrèd, and therefore, the circuit court erred. That case is distinguishable from this one, however, because there numerous persons testified without contradiction to that defendant's excellent life-long reputation for truthfulness, honesty, and integrity; and several witnesses testified, also without contradiction, that the complainant student was known to tell stories. (*Board of Education of Tonica Community High School District No. 360 v. Sickley* (1985), 133 Ill. App. 3d 921, 924, 479 N.E.2d 1142.) Moreover, in that case, the hearing officer did not make a finding of improper touching as the hearing officer had done in this case.

Here, four students testified that defendant had touched their buttocks and breasts, and one student testified that defendant looked inside her blouse. One eyewitness, a fellow student, testified that she observed defendant touch the five girls' buttocks when they would ask questions and that he would keep his hand there until he completed his answers. The other eyewitness, a young boy who joined the class late in the semester, testified that he once observed defendant put his arm around Evelyn R.'s right shoulder for a few seconds and touch her chest near the nipple area.

The mother of Marie L. testified that, during November and December, Marie began having trouble sleeping and did not want to go to school. The mother of Monique T. testified that Monique told her that defendant had "caressed" her buttocks and placed his hands inside her blouse. She stated that Monique still had fears about male teachers and had recently refused to go on a CCD field trip with a male instructor.

The record also discloses that the girls had had male teachers before and that defendant's disciplining of some of the girls for behavior during a field trip did not bear on their allegations because the trip occurred after the girls had reported the touchings to a security officer. Also, at the time they testified, the girls were no longer in the same school nor had most of them continued their friendship. Furthermore, defendant originally testified that he had never touched the girls but later admitted that he had done so on some occasions. Defendant's testimony that his students were not very bright and were not achievers was impeached by testimony from the principal and another teacher, defendant's own witness, that they were good

students and belonged to the academically highest fifth-grade class.

■ The finding by the hearing officer of improper conduct was not against the manifest weight of the evidence. But his conclusion that defendant's conduct did not constitute "unprofessional physical contact" was contrary to his own finding and to the manifest weight of the evidence and the law. (*Board of Education of Argo-Summit District No. 104 v. Hunt* (1985), 138 Ill. App. 3d 947, 950-51, 487 N.E.2d 24.) The circuit court's determination was therefore correct.

### III

Defendant contends that the circuit court misapplied the standard of remediability as set forth in *Gilliland v. Board of Education of Pleasant View Consolidated School District No. 622* (1977), 67 Ill. 2d 143, 365 N.E.2d 322. The Board responds that the circuit court properly found defendant's conduct was irremediable pursuant to the remediability standards established in *Gilliland* and *Board of Education of Argo-Summit District No. 104 v. Hunt* (138 Ill. App. 3d 947, 487 N.E.2d 24).

■ Section 34—85 of the School Code (Ill. Rev. Stat. 1985, ch. 122, par. 34—85), applicable to districts with more than 500,000 residents, provides that a tenured teacher shall not be removed except for cause. (*Chicago Board of Education v. Payne* (1981), 102 Ill. App. 3d 741, 746, 430 N.E.2d 310.) Written warnings must be given to a tenured teacher before dismissal if the causes assigned for dismissal are considered remediable; where no warning is given, the board's evidence must prove that the teacher's conduct is irremediable. (*Board of Education v. Illinois State Board of Education* (1987), 160 Ill. App. 3d 769, 773, 513 N.E.2d 845, 847.) Because compliance with the procedures set forth in section 34—85 is jurisdictional, if a warning is not given with respect to a remediable cause, the board lacks jurisdiction to dismiss the teacher. See *Board of Education of Argo-Summit District No. 104 v. Hunt* (1985), 138 Ill. App. 3d 947, 950, 487 N.E.2d 24.

■ Whether causes for dismissal are remediable is a question of fact, the initial determination of which rests with the school board. (*Fadler v. Illinois State Board of Education* (1987), 153 Ill. App. 3d 1024, 1027, 506 N.E.2d 640, citing *McBroom v. Board of Education* (1986), 144 Ill. App. 3d 463, 473, 494 N.E.2d 1191.) The board's decision will not be overturned unless the reasons given for dismissal are against the manifest weight of the evidence or the board has acted in an arbitrary or capricious manner. *Morris v. Board of Education* (1981), 96 Ill. App. 3d 405, 411, 421 N.E.2d 387.

The remediability tests established in *Gilliland* and *Argo-Summit*

are essentially the same. The two-prong test for remediability set forth in *Gilliland*, utilized in dismissal cases concerning deficient teaching or corporal punishment, is (1) whether damage has been done to the students, faculty, or school; and (2) whether the conduct resulting in that damage could have been corrected had the teacher's superiors warned him. (*Gilliland v. Board of Education of Pleasant View Consolidated School District No. 622* (1977), 67 Ill. 2d 143, 153, 365 N.E.2d 322.) The *Argo-Summit* court, followed by *Fadler*, determined that because no physical evidence or scars would remain from improper touching, the first prong of the remediability test for such cases should include "whether the conduct has had or is likely to have a negative psychological effect on the students." (*Board of Education of Argo-Summit District No. 104 v. Hunt* (1985), 138 Ill. App. 3d 947, 950-51, 487 N.E.2d 24; *Fadler v. Illinois State Board of Education*, 153 Ill. App. 3d 1024, 506 N.E.2d 640.) Thus, if psychological damage has been done to the students, *Gilliland*'s first test concerning remediability has been satisfied.

Here, damage to the students was shown through testimony by the students who were touched by defendant, by the mothers of two of those students, and by other students in the classroom who witnessed some of the touching. The hearing officer determined that defendant's conduct caused the students who made the accusations to have nightmares, confusion, anxiety, and fear.

■■■ Dr. Ribordy stated that, as a result of defendant's actions, the girls whom she interviewed suffered immediate adverse psychological impact, an assortment of fear and anxiety reactions, and increased dependency on safe adults, such as parents. She testified that each girl may suffer long-term psychological harm from the touching and recommended therapy especially for Monique T. Though defendant argues that the evidence of harm in this case was extremely speculative, the record contains sufficient evidence that defendant's conduct had immediate adverse psychological effects on the children (*Fadler v. Illinois State Board of Education* (1987), 153 Ill. App. 3d 1024, 1028, 506 N.E.2d 640; *Board of Education of Argo-Summit District No. 104 v. Hunt* (1985), 138 Ill. App. 3d 947, 487 N.E.2d 24), and thus the first prong of the remediability test was met.

■■■ The *Argo-Summit* court suggested that in improper touching cases the second prong of the *Gilliland* remediability test should be altered to focus on whether the effects of the conduct itself could have been corrected. (*Board of Education of Argo-Summit District No. 104 v. Hunt* (1985), 138 Ill. App. 3d 947, 953, 487 N.E.2d 24.) In this case, a warning could not have corrected the psychological dam-

age to the students or the damage to the reputation of the faculty and school district that was caused by defendant's conduct. *Fadler v. Illinois State Board of Education* (1987), 153 Ill. App. 3d 1024, 1029, 506 N.E.2d 640; *Board of Education of Argo-Summit District No. 104 v. Hunt* (1985), 138 Ill. App. 3d 947, 953, 487 N.E.2d 24.

Moreover, even if we applied an unaltered *Gilliland* test to the question of whether defendant's conduct could have been corrected by a warning, our decision concerning irremediability would be the same. Defendant testified that he had been warned by his principal at the start of the year not to touch children. There was unrefuted expert testimony that the type of conduct engaged in by defendant has a high degree of recurrence. The possibility of the recurrence of such conduct should be avoided. (*Fadler v. Illinois State Board of Education* (1987), 153 Ill. App. 3d 1024, 1029, 506 N.E.2d 640; *Board of Education of Argo-Summit District No. 104 v. Hunt* (1985), 138 Ill. App. 3d 947, 953, 487 N.E.2d 24.) The second prong of the remediability test was met in this case.

For all the foregoing reasons, we affirm the order of the circuit court of Cook County.

Affirmed.

BILANDIC, P.J., and SCARIANO, J., concur.