Rule 23 order filed
July 22, 2009;
Motion to publish granted
December 1, 2009.

NO. 5-07-0172

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| ROBIN ROSS, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellee, | ) St. Clair County. |
| | ) |
| v. | ) No. 06-MR-76 |
| | ) |
| ILLINOIS MUNICIPAL RETIREMENT FUND, | ) |
| ILLINOIS MUNICIPAL RETIREMENT FUND | ) |
| BOARD OF TRUSTEES, and THE ST. CLAIR | ) |
| COUNTY HOUSING AUTHORITY, | ) Honorable |
| | ) Andrew J. Gleeson, |
| Defendants-Appellants. | ) Judge, presiding. |

_____

JUSTICE CHAPMAN delivered the opinion of the court:

In July 2003, the Illinois Municipal Retirement Fund Board of Trustees (Board of Trustees) issued a final administrative decision terminating temporary total disability benefits to the plaintiff, Robin Ross. She filed an action seeking administrative review of that decision, naming as defendants the Illinois Municipal Retirement Fund (IMRF) "and its Board of Trustees." However, she served only one summons, which was addressed to the IMRF. The defendants filed a motion to dismiss, arguing that the plaintiff had failed to properly name or serve the Board of Trustees. Eventually, the plaintiff filed a motion for a voluntary dismissal without prejudice. Nearly one year later, she filed a new complaint for administrative review, this time serving separate summonses on the IMRF and the Board of Trustees. The defendants moved to dismiss for a lack of jurisdiction. The circuit court denied their motion to dismiss, found the Board of Trustees' decision to be against the manifest weight of the evidence, and reversed the administrative decision. The defendants appeal, arguing that (1) the court lacked jurisdiction and (2) the administrative decision was

1

supported by the evidence. We reverse.

The plaintiff, Robin Ross, began working for the St. Clair County Housing Authority in January 1983. As an employee of a municipal agency, she participated in the IMRF. She last worked as a public housing manager in May 2001, after which time she stopped working due to various health problems, including back problems and anxiety. The plaintiff received total temporary disability benefits from June 15, 2001, to August 31, 2002. In December 2002, the plaintiff appealed the decision to terminate her benefits. On July 24, 2003, the benefit review committee of the Board of Trustees recommended to the Board of Trustees that the decision to terminate the plaintiff's benefits should be upheld. The full Board of Trustees met the following day and adopted this recommendation. In a letter dated July 29, the Board of Trustees informed the plaintiff of this decision.

On August 15, 2003, the plaintiff filed a complaint pursuant to the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2002)). She named as defendants the "Illinois Municipal Retirement Fund and its Board of Trustees and the St. Clair County Housing Authority." She contended that the Board of Trustees' decision was contrary to section 7-147 of the Illinois Pension Code (40 ILCS 5/7-147 (West 2002)) because she was unable to perform the duties of any position the housing authority might reasonably assign to her. On August 18, she mailed one summons to the St. Clair County Housing Authority and another to the IMRF. On August 21, the summons addressed to the IMRF was delivered to the legal department that serves both the IMRF and the Board of Trustees.

On September 15, the St. Clair County Housing Authority filed its answer. On September 22, the IMRF and the Board of Trustees (collectively, defendants) filed a motion to dismiss pursuant to section 2-619(a) of the Code of Civil Procedure (735 ILCS 5/2-619(a) (West 2002)). In it, they alleged that the summons was addressed solely to the IMRF but that the Board of Trustees was the party who had made the decision. They further alleged

2

that the plaintiff "failed to properly name the Board of Trustees" in her complaint. They argued that the failure to properly name and serve the Board of Trustees is a basis to dismiss the complaint. As an alternative basis, the defendants asserted that the plaintiff failed to serve the complaint within 35 days of the final administrative decision, as required by statute (735 ILCS 5/3-103 (West 2002)).

Eventually, on March 28, 2005, the plaintiff filed a motion for the voluntary dismissal of her complaint without prejudice, pursuant to section 2-1009 of the Code of Civil Procedure (735 ILCS 5/2-1009 (West 2004)). The court granted that motion the following day and ruled that the defendants' pending motion to dismiss "is hereby held in abeyance and may be refiled, and ruled upon by the Court, should [the] plaintiff choose to refile her Complaint for Administrative Review." The plaintiff contends, and the defendants acknowledge, that the understanding of both parties at the time was that the plaintiff intended to refile the complaint so she could properly name and serve the Board of Trustees as a defendant.

On March 27, 2006, the plaintiff filed her second complaint for administrative review. This time, she named as defendants the IMRF, the "[IMRF] Board of Trustees," and the St. Clair County Housing Authority. On March 28, she mailed three separate summonses, one to each defendant. The summonses sent to the IMRF and the Board of Trustees were sent to the same address.

On April 28, 2006, the IMRF and the Board of Trustees filed a motion to dismiss pursuant to section 2-619, along with a supporting memorandum. They argued that the Administrative Review Law does not allow a plaintiff to refile a complaint for administrative review after a voluntary dismissal. They also alleged that the bases for dismissal set forth in their motion to dismiss the plaintiff's first complaint remained valid bases to dismiss the second petition.

3

On July 18, 2006, the plaintiff filed a response to the defendants' motion to dismiss. She alleged that she had filed her motion for voluntary dismissal pursuant to an agreement of the parties. She explained that the understanding of both parties was that she would refile the action. On July 25, the defendants filed a reply in support of their motion to dismiss. They argued that it does not matter whether there was an agreement concerning the refiling of the case, that the Administrative Review Law is a departure from common law, and that its requirements must therefore be strictly complied with in order to vest the trial court with jurisdiction.

On August 2, 2006, the court held a hearing on the matter. The court took the matter under advisement and ordered each party to prepare a proposed order. On September 6, the court entered an order denying the defendants' motion to dismiss. The court then reviewed the administrative record. The parties agreed to allow the court to make its decision based solely on review of the record itself. On March 2, 2007, the court entered an order finding that the Board of Trustees' decision was against the manifest weight of the evidence and reversing the decision accordingly. The defendants then filed this appeal.

The defendants argue first that the circuit court erred in denying their motion to dismiss because it lacked subject matter jurisdiction over the plaintiff's complaint. The court lacked jurisdiction, they argue, because the Administrative Review Law does not permit a complaint for administrative review to be refiled after it has been dismissed voluntarily. See 735 ILCS 5/3-102 (West 2004). As an alternative to this argument, they contend that the second petition should have been dismissed for the reasons asserted in their renewed motion to dismiss. They further contend that the court erred in finding the administrative decision to be against the manifest weight of the evidence. We conclude that the court lacked jurisdiction to consider the petition because the Administrative Review Law specifically provides that a voluntarily dismissed petition may not be refiled. Because we reverse on this

4

basis, we will not address the other issues raised in this appeal.

The Administrative Review Law provides statutory authority for courts to review the decisions of administrative agencies. Unlike most other types of cases, the courts' jurisdiction to hear administrative review cases flows from the Administrative Review Law, not the Illinois state constitution. *Fredman Brothers Furniture Co. v. Department of Revenue*, 109 Ill. 2d 202, 210, 486 N.E.2d 893, 895 (1985) (relying on Ill. Const. 1970, art. VI, §9). Thus, its requirements are jurisdictional. *Fredman Brothers Furniture Co.*, 109 Ill. 2d at 210, 486 N.E.2d at 895-96 (explaining that when jurisdiction is conferred by statute, "that jurisdiction is limited to the language of the act conferring it"). A failure to strictly adhere to those requirements deprives a court of subject matter jurisdiction over a petition seeking administrative review. *Fredman Brothers Furniture Co.*, 109 Ill. 2d at 210, 486 N.E.2d at 896.

The Administrative Review Law provides that a petition for administrative review must be filed and served on the defendants within 35 days after the final administrative decision is served on the party seeking review. 735 ILCS 5/3-103 (West 2004). In addition, it is necessary to name as defendants all the parties of record in the administrative proceedings. 735 ILCS 5/3-107(a) (West 2004). It is also necessary to serve each necessary party with a summons. 735 ILCS 5/3-105 (West 2004). Here, although the Board of Trustees is "an arm of [the] IMRF," the administrative agency that rendered the decision at issue was the Board of Trustees, not the IMRF. *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 189, 874 N.E.2d 1, 13 (2007). Thus, the Board of Trustees itself had to be named and served. As previously noted, these statutory requirements are jurisdictional.

The statutes specifically provide certain exceptions to these requirements in order to avoid potentially harsh results. For example, section 3-107(a) of the Administrative Review Law (735 ILCS 5/3-107(a) (West 2004)) provides that a plaintiff's failure to name individual

5

employees of the appropriate agency does not divest a court of jurisdiction over the complaint. The same statute provides that even a failure to name the appropriate agency will not deprive a court of jurisdiction as long as the head of the appropriate agency is named as a defendant in his or her official capacity. 735 ILCS 5/3-107(a) (West 2004). Similarly, section 3-105 provides that a failure to serve individual employees will not deprive a court of jurisdiction as long as the appropriate agency is named, and it further provides that the service of a summons on the head or director of an agency, in his or her official capacity, will be deemed to be service on the agency itself. 735 ILCS 5/3-105 (West 2004). Under very narrow circumstances, if the court determines that an agency that has not been named in the complaint was a party to the administrative proceedings, the court can allow the plaintiff to amend the complaint to add that agency and grant the plaintiff 21 days' leave to serve the agency. This is limited to situations in which the final administrative decision does not name the agency. 735 ILCS 5/3-107(a) (West 2004).

In *Worthen v. Village of Roxana*, 253 Ill. App. 3d 378, 623 N.E.2d 1058 (1993), this court ruled that under a very narrow circumstance, a plaintiff could amend her petition for review, to comply with the relevant filing requirements, after it had been filed. There, the plaintiffs had served all the necessary parties but failed to name one necessary party in the caption of their petition. They promptly sought leave to add the unnamed party. *Worthen*, 253 Ill. App. 3d at 381, 623 N.E.2d at 1060-61. This court found that "what appears to be a clerical error in failing to add the [name of the Pollution Control Board, which was a party to the administrative proceedings,] to the caption of the petition for review" did not deprive the court of jurisdiction to consider the petition. *Worthen*, 253 Ill. App. 3d at 382, 623 N.E.2d at 1061. Three facts were relevant to this conclusion: first, the Pollution Control Board had actual notice because it had been properly served; second, the plaintiffs sought to correct the error through a timely motion to amend the petition to add the Pollution

6

Control Board to the caption; and third, as stated, the error appeared to be clerical in nature. *Worthen*, 253 Ill. App. 3d at 382, 623 N.E.2d at 1061. We emphasized that the failure to name the agency in the original petition did not deprive the court of jurisdiction based on the facts presented by that case "and only [those] facts." *Worthen*, 253 Ill. App. 3d at 382, 623 N.E.2d at 1061.

None of the statutory exceptions outlined are applicable here. The plaintiff contends that, under *Worthen*, the court had jurisdiction to consider her complaint. This argument assumes that the court's jurisdiction could survive her motion for a voluntary dismissal, however, and we find that it could not.

Just as the Administrative Review Law provides procedural requirements necessary to vest courts of this state with jurisdiction over complaints for administrative review, it also includes provisions that terminate that jurisdiction. The Administrative Review Law provides that, if a party seeks a voluntary dismissal, as the plaintiff did here, the court's jurisdiction to review the administrative decision terminates and the decision becomes final and unappealable. 735 ILCS 5/3-102 (West 2004) (providing that all administrative review proceedings "*shall terminate* upon the date of the entry of any Order" (emphasis added) voluntarily dismissing a petition under section 2-1009 of the Code of Civil Procedure (735 ILCS 5/2-1009 (West 2004))). Once the court's jurisdiction is terminated, the administrative decision is no longer subject to review by any court. 735 ILCS 5/3-102 (West 2004).

The plaintiff contends, however, that she dismissed her petition voluntarily pursuant to an agreement with the defendants. She contends that the understanding of all the parties was that she would refile her petition and properly serve the Board of Trustees. As a result, she argues, the defendants "voluntarily waived [their] right to raise [section 3-102 of the Administrative Review Law] as a defense." This argument fails, however, because of the jurisdictional nature of the statute. In administrative review, subject matter jurisdiction

7

cannot be waived or "conferred by any form of *laches*, consent, \*\*\* or estoppel." *Board of Education of the City of Chicago v. Box*, 191 Ill. App. 3d 31, 35, 547 N.E.2d 627, 630 (1989). Therefore, once the court entered an order dismissing the plaintiff's petition pursuant to section 2-1009, it lost jurisdiction to review the agency's decision to terminate her benefits. Because the court no longer had jurisdiction to review the administrative decision, the court erred in denying the defendants' motion to dismiss the refiled petition.

For the foregoing reasons, we reverse the order of the circuit court and reinstate the decision of the Board of Trustees.


Reversed; administrative decision reinstated.


STEWART and SPOMER, JJ., concur.

NO. 5-07-0172

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | |
|---|---|
| ROBIN ROSS,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>ILLINOIS MUNICIPAL RETIREMENT FUND,<br>ILLINOIS MUNICIPAL RETIREMENT FUND<br>BOARD OF TRUSTEES, and THE ST. CLAIR<br>COUNTY HOUSING AUTHORITY,<br><br>    Defendants-Appellants. | ) Appeal from the<br>) Circuit Court of<br>) St. Clair County.<br>)<br>) No. 06-MR-76<br>)<br>)<br>)<br>)<br>)<br>) Honorable<br>) Andrew J. Gleeson,<br>) Judge, presiding. |

**Rule 23 Order Filed:**     July 22, 2009
**Motion to Publish Granted:**     December 1, 2009
**Opinion Filed**:     December 1, 2009

**Justices**:     Honorable Melissa A. Chapman, J.

Honorable Bruce D. Stewart, J., and
Honorable Stephen L. Spomer, J.,
Concur

**Attorney**
**for**
**Appellants**     Michael B. Weinstein, Illinois Municipal Retirement Fund, 2211 York Road, Suite 500, Oak Brook, IL 60523-2337

**Attorney**
**for**
**Appellee**     Gregory M. Skinner, 4010 North Illinois Street, Swansea, IL 62226